## LEWIS T. LARNED

### *v.*

## JAMES CARPENTER, for use, etc.

1. PARTY PLAINTIFF—*in action ex contractu.* It is an inflexible rule that an action at law upon contract must be brought in the name of the person in whom the legal interest is vested.

2. Where A had recovered judgment against B, C acting as his agent in procuring the same, and B afterwards transferred a note of $1000 owned by him to D, out of the proceeds of which D was to pay himself what B owed him, and hold the balance for B; and it was afterwards agreed by all the parties that D should pay A a certain sum, in discharge of the judgment, and A sent a written discharge of the same to his agent, C, who delivered the same to B, upon D's express promise to pay C the

amount agreed upon, and C thereupon advanced the same to his principal, and, upon D's subsequent refusal to pay him, brought suit therefor in the name of A, for his use: *Held*, that, as the legal interest in the contract was in C, and not in A, the action was improperly brought in A's name, and could not be maintained.

APPEAL from the County Court of Livingston county; the Hon. L. E. PAYSON, Judge, presiding.

Mr. A. E. HARDING, and Messrs. FOSDICK & WALLACE, for the appellant.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was assumpsit, in the Livingston county court, in the name of Carpenter, for the use of Esty, against Larned, and judgment recovered. Larned appealed to this court. The only question made is that the action was improperly brought in Carpenter's name.

It is an inflexible rule that an action at law upon contract must be brought in the name of the person in whom the legal interest is vested. *Dix, for use, etc.* v. *The Mercantile Ins. Co.* 22 Ill. 272.

The bill of exceptions purports to contain all the evidence, from which it appears that, in 1862, Carpenter, who was a non-resident, recovered a judgment for $146.25 against Lighty & Graybill, which was unpaid. Graybill was surety upon the note on which judgment was rendered, and Esty acted as Carpenter's agent in recovering it. In 1865, Lighty sold some land, receiving therefor a note for $1000, and, being indebted to Larned in a sum between $400 and $500, turned over this note to him, out of the proceeds of which Larned was to receive his pay, and hold the balance for Lighty's use. This balance, or part of it, remaining in Larned's hands, and Graybill, being anxious to have the judgment satisfied, proposed to Esty to procure the application of $80 of it on the judgment, if Carpenter would accept it, and discharge the

judgment, to which it appears that Lighty consented. Esty wrote Carpenter, who also consented, and sent an instrument in discharge of the judgment to Esty, and became very urgent for the money. Upon an express promise made by Larned, with Lighty's consent and direction, to pay over to Esty the sum agreed upon out of the funds in his hands, Esty, from his own funds, advanced the $80 to Carpenter, and delivered to Lighty the discharge of the judgment. Larned afterwards refused to pay, on the ground that Lighty had become indebted to him for goods sold, and this action was brought to recover the $80. Esty, who was the party in interest, testified that he advanced the money to Carpenter on the strength of Larned's promise to pay it back to him, and would not have advanced it upon any other consideration. Upon his own showing, therefore, the legal interest in the contract was in him, and not in Carpenter, who had received his pay, and discharged his judgment against Lighty & Graybill.

The action was improperly brought in Carpenter's name, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE SCOTT dissents.