## Richard P. Derickson
### v.
## Frederick W. Krause.

1. Causes of action — Election.—A party cannot occupy inconsistent positions, and where one has an election between several inconsistent causes of action, he will be confined to that which he first adopts. Any decisive act of the party done with knowledge of his rights and of the facts, determines his election and works an estoppel.

2. Contract—Privity—Consideration.—There is nothing in, the circumstances of this case from which the law would imply an undertaking on the part of defendant to pay for the machine in question, and it was therefore essential to a recovery that plaintiff should establish an express contra t with defendant. The possession and use of the machine by defendant, might constitute a sufficient consideration for his alleged promise to pay $200, but such offer must be accepted; there must be a meeting of minds, or there is no legal contract.

3. Mutual promises—Must be simultaneous.—Mutual promises, to be obligatory, must be made simultaneously, and an acceptance by the plaintiff a year after the offered compromise was made would be entirely nugatory. No time was fixed by the defendant's proposition, and it is unreasonable to suppose that the parties contemplated the giving or taking any such period of time for acceptance.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding. Opinion filed November 5, 1879.

Mr. S. S. McNaughton, for appellant.

Mr. D. Blackman, for appellee, cited T. W. & W. R. R. Co. v. Chew, 67 Ill. 378.

McAllister, J. Krause, the plaintiff below, brought assumpsit in the Superior Court against Derickson, defendant there, to recover the price or value of a tempering wheel, used in making brick. There was a verdict for plaintiff for $200.00, on which the court, overruling defendant's motion for a new trial, gave judgment, and defendant appealed to this court. The bill of exceptions purports to contain all the evidence, which we have carefully examined.

It appears that in the spring of 1870 Krause entered into a contract in writing with one Barbier, who was then lessee of and operating a brickyard, by which the former was to construct said machine and deliver it to Barbier in the brickyard, for which the latter was to pay $200 cash, and the balance of $400 on time. Plaintiff claims that after it was made, on account of Barbier's inability to pay for it, they agreed, orally, that the property in the machine should remain in Krause until Barbier paid for it. It appears that after Barbier had transferred his leasehold interest in the brickyard to Derickson, and the latter was in possession, Krause, without Derickson's knowledge or assent at the time, placed the machine in the brickyard, the doing which required a pit in the ground to be dug for the purpose, which was done, and it was set up by Krause ready for use; and Derickson, without any arrangement with Krause, put it to use in making bricks. Of course Derickson had no title to it, and if Krause had demanded it of him, after finding out that Barbier had transferred the yard to Derickson, who was also a lessee of the ground, he could, if any valid oral contract had been made, have maintained replevin or trover for it. But instead of that course, he filed a petition in the Superior Court against Barbier, also making Derickson a party, for a mechanic's lien to the extent of the contract price, thus treating the property in it as having passed to Barbier and become affixed to his leasehold estate, which was utterly inconsistent with the position taken on the trial of the present case, that the property in the wheel never passed to Barbier under the written contract, but remained all the time in Krause, by virtue of the oral one.

It is a rule of law, based upon sound reason, that "a party cannot occupy inconsistent positions; and where one has an election between several inconsistent courses of action, he will be confined to that which he first adopts. Any decisive act of the party, done with knowledge of his rights and of the fact, determines his election and works an estoppel." Bigelow on Estoppel, 578; Herrington v. Hubbard, 1 Scam. R. 569, where that principle was applied.

There is nothing in the circumstances under which the wheel

Derickson v. Krause.

was placed in the brickyard, as detailed by the plaintiff below, from which the law would imply an undertaking on defendant's part to pay plaintiff for it, because it was placed there solely under the contract between plaintiff and Barbier. By that contract the property would, on delivery, vest in Barbier, and by the mechanic's lien proceedings Krause elected to treat it as so vesting. A wrongful conversion by a sale of the wheel by Derickson would, therefore, give no right of action to Krause after thus making his election to waive the tort and bring assumpsit for the proceeds, simply because Krause had divested himself of the property. No such element is in the case, for it was levied on and sold under an execution against Barbier. It was, therefore, essential to a recovery that plaintiff should establish an express contract for the payment to him by defendant of the $200 found by the jury. In order that such contract be obligatory, it was essential that a sufficient consideration be shown, and the meeting of the minds of the parties, as in the cases of mutual promises. As to the consideration, the possession and use of the machine by defendant might constitute a sufficient one; and a promise by one party to an alleged contract is a good consideration for that of the other party; but the *aggregatio mentium* is indispensable.

Plaintiff's own testimony shows that no contract, obligatory on defendant to pay a specific sum on account of the machine, was made. Plaintiff had taken a decree by default in the mechanic's lien suit, which was set aside by the court on Derickson's motion, on the ground of a stipulation between him and plaintiff's solicitor, which had been violated in taking the decree. After that, plaintiff came to defendant with the view, it would seem, to get something for the machine from defendant by compromise. Defendant made an offer, which plaintiff declined; then defendant said: "I will give you, then, $200, if you do not make any more costs, and don't press the matter." Plaintiff testified to this, and what he said in reply: "I said I would not press the matter. I would see what I could do; then I did not go to see him in over a year."

In his reply he says nothing about the condition as to making

costs; nor does he say whether or not he would accept the proposition, but reserved acceptance by saying he would see what he could do about it; went away and did not see defendant about it again in over a year. It is a general rule of law that mutual promises must, to be obligatory, be made simultaneously. Livingston v. Rogers, 1 Caines R. 583; 12 Johns R. 190, 397. So that an acceptance by plaintiff, when the parties met a year after, would be entirely nugatory if made. No time was given or fixed by the defendant's proposition, and it is unreasonable to suppose that the parties contemplated the giving or taking any such period of time for acceptance. Larmon v. Jordan, 56 Ill. R. 204. But when they met, they completed an agreement respecting the same subject matter, which was entirely inconsistent with that above, even if that one had been completed, viz: that plaintiff should take the machine away, under which he tried to sell it, but failed for want of purchaser.

We are constrained to reverse this judgment, because the verdict is unsupported by the evidence.

Reversed and remanded.