## GRENADE *vs.* J. L. & W. M. HARDAWAY.

Where an execution was deposited as collateral security for a debt of the plaintiff, and was collected by the persons so taking it, but no entry of settlement was made thereon, and it was returned to the plaintiff without an entry, and he subsequently sold and assigned it for value, there was no privity between the purchaser of the *fi. fa.* and those who had held it as collateral security; and upon the failure of the transferee to collect because of its previous payment, he had no right of action to recover damages from them; and a declaration for that purpose was demurrable.

December 2, 1884.

Actions.    Privity.    Torts.    Contracts.    Executions. Before F. H. COLLEY, Esq., Judge *pro hac vice.*    McDuffie Superior Court.    March Term, 1884.

Reported in the decision.

W. D. TUTT; W. M. & M. P. REESE, for plaintiff in error.

THOMAS E. WATSON; B. M. GROSS, for defendants.

HALL, Justice.

The plaintiff purchased and had assigned to him a *fi. fa.* in favor of the guardian of Lula Buford, who afterwards intermarried with Ellington, against one Farr. Prior to this purchase and assignment, Ellington and his wife had deposited this *fi. fa.* with the defendants as collateral security for the payment of a debt which they owed them. While the *fi. fa.* was in the hands of the defendants, they received payment of the amount due thereon, but failed and neglected to enter satisfaction of the same or in any manner to credit it with the amount paid them. After this, they re-delivered the *fi. fa.* to the parties pledging it, and they transferred it for a valuable consideration to the plaintiff in this suit, who had no notice of its extinguishment by the payment made to the present defendants, until he caused it to be levied upon Farr's property, who set up

this payment to defeat the levy. The issue made by this defence of Farr's was passed in his favor, and thereupon this suit was instituted against the defendants to recover the damages which plaintiff had sustained by reason of their failure to perform a duty which they owed the plaintiff, or any other person who might thereafter become the owner of the same by assignment, in consequence of their failure to satisfy it while in their hands, by reason whereof the plaintiff was damaged.

The defendants demurred to this suit, among other things, for want of privity between them and plaintiff in relation to the matters set forth in his declaration. The demurrer was sustained and the suit dismissed, and this writ of error is brought to reverse this judgment.

1. It is well settled that private duties may arise either from statute or may flow from relations created by contract, express or implied, and that the violation of any such duty, accompanied by damage, will give a right of action. Code, §2954. It is conceded that no privity is necessary to support an action for a tort which results from a direct invasion of some legal right of the party complaining, or the infraction of a public duty by which special damage accrues to him (Code, §2951), but it properly insisted that if the tort results " from the violation of a duty which is itself the consequence of a contract, then the right of action is confined to the parties and privies to that contract, except in cases where the party would have had a right of action for the injury done independent of the contract." *Id.*, §2956. But for the contract by which the *fi. fa.* in question was assigned to the plaintiff, he would have had no right of action against any one. The injury he has sustained, if any, results from that contract and flows directly from the breach of duty it imposes. This would have given him an action against the assignors of the *fi. fa.*, who should have known that it was paid; but these defendants were neither parties nor privies to that contract. They had no possession or control of the *fi. fa.* at the time it was as-

signed; it had served the purpose for which they held it temporarily, and had been returned to those who owned it, as we are authorized to infer, with an account of their dealings with it while in their hands; they then had no further connection either with the execution itself, or with the contract by which it was assigned. It does not appear that they had any knowledge of the transaction, or that they participated in it. In no sense were they connected even remotely with the wrong done to plaintiff, nor, at the time of its infliction, with the parties who did it. 49 *Ga.*, 208, 209. Besides, it may be well questioned, whether they were the proper parties to enter satisfaction or payment upon the *fi. fa.;* this was doubtless the duty of the plaintiffs therein when it was returned to them and they were informed of the fact; the defendants had the right to receive the money for the purpose of accomplishing the object for which it was pledged, and it was their duty to report this fact to their debtors, who were thereupon bound, under the law, to make such a disposition of the *fi. fa.* as would prevent any subsequent improper or fraudulent use of it; they owed this duty to the public, under the law. The defendants are not chargeable with notice of a purpose on their part to violate their duty in this respect; but had a right to presume that they would comply with their obligation and to act, as they seem to have done, upon this presumption.

Judgment affirmed.