Giraldin v. Howard.

## GIRALDIN v. HOWARD, *Appellant.*

### DIVISION ONE.

1. **Parties:** REAL PARTY IN INTEREST: WAIVER. The objection that a suit was not brought in the name of the real party in interest, made for the first time in the supreme court, comes too late.

2. **Delinquent Taxes, Judgment for:** REDEMPTION. Though the payee of a note, secured by a deed of trust, and the trustee were parties to a suit for taxes due on the land, the judgment does not bind a holder of the note who was not made a party, and a subsequent holder who bought the note for the trustee may redeem from the tax sale.

3. —— : ——. Where the purchaser at the trustee's sale redeems from the tax sale, the decree ought to allow the owner of the tax title a reasonable time in which to redeem from the deed of trust and to declare his failure to do so an affirmance of the sale thereunder, and it is neither necessary nor proper to decree a second sale under the deed of trust.

4. **Deed of Trust:** TRUSTEE PURCHASING: REDEMPTION. Where a trustee in a deed of trust sells to himself, the mortgagor has the right to redeem.

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

REVERSED AND REMANDED.

*Huff & Hereford* for appellants.

(1) The case not having been prosecuted by the real party in interest, the bill should have been dismissed. R. S. 1889, sec. 1990; *Nanson v. Jacob*, 93 Mo. 331; Pomeroy on Rem. & Rem. Rights, sec. 128; *Killmore v. Culver*, 24 Barb. 656. (2) The chancellor having found, as a fact, that the sale was made by Donovan to himself as purchaser, the sale was not void but only voidable, and it should have been held that the title

thus acquired by Donovan was held by him for the benefit of appellants.  *Lass v. Stromberg*, 50 Mo. 124; *Roberts v. Mosely*, 64 Mo. 507; *Grumley v. Webb*, 44 Mo. 444; *Rar v. Copelin*, 47 Mo. 76.  (3)  The sale made by Donovan, trustee, to himself was not void, but only voidable at the instance of appellants. 44 Mo. 263; 49 Mo. 389; *Gaines v. Allen*, 58 Mo. 545; *Kitchen v. Railroad*, 69 Mo. at 260.

*Willi Brown* for respondent.

(1)  Even if the trustee was interested in a sale which he made under power of a deed of trust, the sale is voidable only at the instance of the *cestui que trust* or mortgagor, Still, and not at the instance of a stranger; and these appellants are strangers to the sale under the Still deed of trust.  (2)  Even if the *cestui que trust* objected to such a sale by a trustee, he would only have the right to redeem upon paying to the trustee the amount of his interest ( *Lass v. Sternberg*, 50 Mo. 126), and the appellants have never asked any equitable relief in this case.  (3)  The appellants have no cause for complaint that the court decreed them a right to redeem from respondent's lien—a right which they did not ask and to which they were not entitled.  A man cannot complain that he gets more than he asks for.  (4)  The only right that the respondents acquired by virtue of the sale of the land for taxes, under a statutory proceeding, was the right to the property and possession thereof against the parties to the record in that proceeding.  The sheriff's deed simply conveys the property, and did not convey Still's equity of redemption.  R. S. 1889, sec. 7684.  (5)  The only parties privy to the sale made by Donovan, as trustee, under the deed of trust, were Wm. Still, Anne, his wife, the mortgagors; Joseph T. Donovan, the trustee, and Charles E. Giraldin, the legal holder of the notes (secured by deed of trust), the purchaser.  All

other parties were strangers to the transaction, and had no power to call the transaction in question. The Stills acquiesced in the sale, and therefore it was good as to all parties. *Medsker v. Swansey*, 45 Mo. 276. (6) Respondent is entitled to a writ of possession. *Henderson v. Dickey*, 50 Mo. 161 ; *Woodworth v. Tanner*, 94 Mo. 128.

BRACE, J.—This is a bill in equity instituted by respondent by which he seeks to redeem from sale under a tax judgment a lot of ground in St. Louis city.

· The facts alleged in the bill and developed by the evidence are as follows:

William Still, trustee for Ann Still, his wife, being the owner of the lot in question, executed a deed of trust, dated October 1, 1872, to Joseph T. Donovan, trustee, to secure the payment of a principal note of even date for $1,200, payable in three years, and six interest notes payable to Francis W. Foly. Foly at the time was the clerk of Joseph T. Donovan & Co., and, in fact, gave to Still no consideration for the note. Foly indorsed the note at once, without recourse, and delivered it to Joseph T. Donovan & Co., who, in fact, furnished the consideration therefor. Joseph T. Donovan & Co. sold the note to Charles P. Wonderly, and Charles P. Wonderly held it until about the third of January, 1876, and then sold it to H. W. Vogt. Vogt held the note until April 27, 1882, then transferred it to Donovan & Co. Donovan & Co. held the note until about May, 1882, when they sold it to L. Longermeyer. Longermeyer held the note until the twenty-sixth day of November, 1884.

On the twenty-sixth of November, 1884, Donovan & Co. again came into possession of the note ; by some arrangement the note was transferred by them to Giraldin, the plaintiff herein, who executed his note therefor to Donovan & Co. In 1886, Donovan, as trustee, sold the property under the deed of trust, and the plaintiff

became the purchaser at the price of $225, which amount Donovan credited on the note, and executed to him a trustee's deed, dated January 28, 1886.

Still, as trustee for his wife, and owner of the property in question, failed to pay the state, county and city taxes upon the property for the years 1874 and 1876. These taxes remained delinquent, so that in June, 1878, the state of Missouri, at the relation of M. A. Rosenblatt, brought suit against William Still, Ann Still, Joseph T. Donovan and Francis W. Foly, to enforce the payment of these taxes, and subject the property assessed to sale. All these defendants were personally served and judgment was duly obtained for the amount of the taxes. Under the judgment the property was duly advertised and sold. The defendant, A. B. Howard, became the purchaser and continued the owner until August, 1883, when defendants, Wallis & Zimmerly, purchased from him, took possession of the property, and have ever since continued in possession thereof. Since said purchase they have made improvements on the property amounting to $401.24.

Upon these facts the plaintiff Giraldin filed his bill in equity to redeem this property, and deposited with the clerk of the court, under date of March 15, 1886, the sum of $260, being the amount, as claimed, of the taxes due with interest; and the point upon which he relies to entitle him to this right to redeem is, that Vogt, who was the holder of the note at the time of the tax suit, was not made a party defendant therein.

The court found that the title acquired by the plaintiff Giraldin, by his purchase at the trustee's sale, was held by him for the use and benefit of Donovan; that before the purchase of the Still note from Vogt by Donovan there was no contract made between Donovan and Giraldin as to the purchase of the same for the use of plaintiff, and that the purchase was wholly on the responsibility and for the use of Donovan; that the Still note is the property of the trustee, Donovan, and

that the purchase of the same was for the use and bene-
fit of the said Donovan.    The case was dismissed as to
Howard, and the court adjudged and decreed that the
defendants, Wallis & Zimmerly, as owners of the title
conveyed by the sheriff under execution in the tax suit,
are entitled to redeem the land from said trust deed;
that the trustee's sale of the said land was invalid and
passed no title to the plaintiff, for the reason that the
trustee, Donovan, was at the time the owner of the ben-
eficial interest in said mortgage debt; that the plaintiff
is the holder of the legal title to the principal note and
deed of trust described in the petition, on which is now
due $1,200 of principal and interest thereon at the rate
of ten per cent. per annum from April 3, 1883, and the
same is a lien upon the land, subject to the prior lien of
the defendants hereinafter mentioned; that, in addition
to their equity of redemption above named, the defend-
ants are entitled, as against the plaintiff in his capacity
of mortgagee as aforesaid, to a prior lien on said land
for the amount of the judgment for taxes and interest
thereon, and also for the value of the repairs and per-
manent improvements placed thereon by them, the
aggregate amount of which the court finds to be $593.96,
and that the plaintiff in his said capacity as mortgagee
is entitled to redeem said land from the last-named lien
of defendants; that plaintiff be permitted to redeem
the land by paying defendants said sum of $593.96
within ten days; and, upon failure to pay said sum into
court for the use of defendants within that time, that
his action be *ipso facto* dismissed; that, if plaintiff
elect and does so redeem within said time, then the
defendants, if they so elect, may within ten days there-
after redeem plaintiff's mortgage by paying into court
for his benefit the sum of $1,200, with interest at the
rate of ten per cent. per annum from the third of April,
1883, in which event plaintiff's deed of trust and debt
shall thereby be canceled, and the title to the property

free of said incumbrance shall be vested in the defend-
ants, Wallis & Zimmerly; but, if plaintiff redeem and
said defendants fail to redeem as aforesaid, then said
land shall be sold by the sheriff as under execution at
law and the proceeds be applied, first, to the payment
to the plaintiff of the amount paid by him to defendants
to redeem as above allowed, and, next, to the payment to
plaintiff of the amount of his mortgage and interest as
above set forth, and the balance, if any after paying
costs, to the defendants, Wallis & Zimmerly, and the
purchaser at said execution sale shall have a writ of
possession of said land.

Plaintiff paid the amount required by the decree
into court, but defendants refused to redeem on the
terms named in the decree, excepted thereto, and bring
the case here by appeal.

I.   It is urged that the chancellor having found as
a fact that Donovan was the real owner of the note, and
that the purchase at the trustee's sale in the name of
plaintiff was really for his benefit, the plaintiff's bill
ought to have been dismissed.   No question was raised
in the court below by demurrer, answer, on trial or in
the motion for a review, that the suit was not being
prosecuted in the name of the real party in interest,
and the objection made for the first time in this court
comes too late to avail anything.   *Benne v. Schnecko*,
100 Mo. 257; Pom. Rem., sec. 131.

II.   Vogt who was the owner of the note secured
by the deed of trust not having been made a party
defendant to the tax suit his beneficial interest in the
real estate was not divested by the judgment therein, and
the sale under said judgment did not have the effect of
foreclosing the deed of trust made to secure the pay-
ment of his debt.   The plaintiff who had acquired
Vogt's title to the trust debt, before this suit was insti-
tuted, had the right to redeem the land from the tax
sale.   *Stafford v. Fizer*, 82 Mo. 393; *Gitchell v. Kreidler*,

84 Mo. 472; *Boatman's Savings Bank v. Grewe*, 84 Mo. 477; s. c., 100 Mo. 625.

III.  The court found that while the legal title to the note secured by the deed of trust was in the plaintiff it was held by him for the benefit of Donovan, the trustee; it also found that the purchase made by plaintiff at the trustee's sale and the deed taken by him in his own name was for the benefit of Donovan and this finding is supported by the evidence.

This sale by the trustee under the power in the deed of trust to himself did not have the effect of foreclosing the deed of trust.  While the sale was not absolutely void the execution of the trust was not advanced as between the parties by the sale, and the mortgagor could still redeem.  2 Perry on Trusts, sec. 602v, 602w; *Reddick v. Gressman*, 49 Mo. 389; *Thornton v. Irwin*, 43 Mo. 153; *Allen v. Ranson*, 44 Mo. 263.  The Stills, mortgagors in the deed of trust, having been made parties defendant in the tax suit, by the sale under the judgment therein, their interest in the real estate passed to the defendants.  Their only interest was the right to redeem upon payment of the trust debt.  The defendants having acquired their equity of redemption, the trial court recognized their right to disregard the sale under the deed of trust and redeem by paying the trust debt if they saw proper to do so.  Their refusal to exercise this right would be tantamount to an affirmance of the sale, and the plaintiff upon paying into court for the use of defendants the purchase price at the tax sale with interest, and the value of improvements as found by the court, should have a decree vesting in him all the right, title and interest acquired by defendants under the judgment and sale in the tax suit, with a writ for the possession of the property, unless the defendants elect to exercise their right to redeem by paying the amount of the trust debt into court within a reasonable time, for the use of the plaintiff, when such payment should operate as a foreclosure of said deed of trust,

and thereupon the property should be discharged from all interests acquired thereunder.

This is in effect the decree of the circuit court, except that in the event of the failure of the defendants to exercise their right of redemption of the mortgage debt a sale of the property is ordered by the court and a distribution of the proceeds. Neither the plaintiffs nor defendants ask for a sale of the property. A sale is not necessary to the final. determination and adjustment of the rights and interests of the parties to the suit, and it is not perceived upon what ground an order for the sale thereof can be sustained. In other respects the decree of the circuit court is right, and the judgment will be reversed and remanded only that a proper formal judgment may be entered in accordance with the views herein expressed in which the defendants are to be allowed a reasonable time after the filing of the mandate herein to redeem the land from the trust deed if they see proper to do so. All concur.