THE MECHANICS' BANK *for the use of* DAVIS *et al.* v. GILPIN, *Appellant.*

DIVISION TWO.

1. **Practice:** REAL PARTY IN INTEREST: WAIVER OF DEFECT. Where a suit on a judgment is brought in the name of the judgment creditor for the use of the assignee of the judgment, the objection that the plaintiff is not the real party in interest cannot be made for the first time on appeal.

2. —— : DEFECT OF PARTIES: DEMURRER. Where a defect of parties plaintiff appears on the face of the petition, it will be deemed waived under our code practice, unless advantage be taken of it by demurrer.

*Appeal from St. Louis Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Seddon & Blair* for appellant.

(1) The Mechanics' Bank, the plaintiff, is not the real party in interest. The judgment is for the Mechanics' Bank, and, therefore, for the wrong party. This must lead to a reversal of the judgment of the court below. R. S. Mo. 1889, sec. 1990; Pomeroy on

Remedies, sec. 128; *Tutt v. Cousins*, 50 Mo. 152; *Charles v. Haskins*, 11 Iowa, 334; *Wright v. Parks*, 10 Iowa, 342; *Ford v. Johnson*, 19 Johns. Rep. 344; *Bobb v. Taylor*, 56 Mo. 311; *Ritch v. Eichelberger*, 13 Fla. 173. ( 2 ) The foregoing objection, that the suit was brought by the wrong party, was not waived by failure to demur or by answering. It is not an objection affecting parties, but goes to the very foundation of the suit. The plaintiff failed to show any cause of action in itself or any interest in the relief sought. The judgment, as shown by the abstract, has been entered for a party who is a stranger to the suit. The motion in arrest must be sustained. Pomeroy on Remedies, sec. 128, *et seq.; Williams v. Whitlock*, 14 Mo. 553; *Vandoren v. Relfe*, 20 Mo. 455; *Hutchins v. Weems*, 35 Mo. 285; *Long v. Heinrich*, 46 Mo. 605; *Kirkpatrick v. Railroad*, 86 Mo. 346. ( 3 ) The judgment of this court should be a reversal of the judgment of the court below, and not a judgment remanding the case, with leave to amend by substituting as plaintiffs the assignees for the Mechanics' Bank. *Crescent v. Raddatz*, 28 Mo. App. 213; R. S., secs. 6043, 6046.

*C. P. & J. D. Johnson* for respondent.

( 1 ) It is conceded, that, in the title of the cause, "John T. Davis and Oliver B. Filley" should have been made sole plaintiffs; but, inasmuch as the body of the petition shows that they were the real parties in interest, as well as the real plaintiffs, that portion of the title, "Mechanics' Bank, for the use of," should be construed as surplusage. *Beattie v. Lett*, 28 Mo. 596. ( 2 ) Upon the face of the entire record, the administrators are plaintiffs in the case; and, if it is held that the Mechanics' Bank is also a plaintiff, inasmuch as it appears that it is not a necessary party for a complete determination of the action, or making it a plaintiff constitutes a misjoinder of parties plaintiff, the defendant

should have made the objection, now for the first time made in this court, by demurrer or answer; and, not having done so, the objection was waived. *Elfrank v. Seiler*, 54 Mo. 134; *Kellogg v. Malin*, 62 Mo. 431; *Edmonson v. Phillips*, 73 Mo. 60; *Rogers v. Tucker*, 94 Mo. 352; *Anderson v. McPike*, 41 Mo. App. 331; *Ryors v. Prior*, 31 Mo. App. 561; *Pettingill v. Jones*, 21 Mo. App. 211. (3) If it should be held that the objection to "Mechanics' Bank, for the use of," in the title of the cause, was not waived by pleading over, then respondents should be permitted to amend, by striking out those words, so as to leave John T. Davis, the surviving administrator, the party plaintiff. *State ex rel. v. Shelby*, 75 Mo. 482; *Weber v. City*, 83 Mo. 262; *Winkelmeier v. Weaver*, 28 Mo. 358; *Beattie v. Lett*, 28 Mo. 596; *Hutchins v. Weems*, 35 Mo. 285; *Rohrbough v. Reed*, 57 Mo. 292. (4) Such amendment should be made in this court without remanding the cause. *Cruchon v. Brown*, 57 Mo. 38; *Crispen v. Hannovan*, 86 Mo. 168; *Mueller v. Kaessmann*, 84 Mo. 331; R. S. 1889, secs. 2113–2114.

THOMAS, J.—The following is the petition of the plaintiff in this case :

"Plaintiff states, on the seventh day of September term of the Jackson county, Missouri, circuit court, the same being the eighteenth day of September, A. D. 1865, and the said day being one of the regular court days of said September term of said court, the Mechanics' Bank did then and there obtain against the said defendant a judgment in the sum of $2,120.25, and that afterwards, to-wit, on the twenty-seventh day of January, A. D. 1866, the said Mechanics' Bank, in writing, and for a valuable consideration, did assign said judgment to one Oliver D. Filley, which said judgment, as well as said assignment, is of record in the office of the clerk of the circuit court of said Jackson county, a duly authenticated copy of the same being hereto attached, marked 'Exhibit A.'

"And that afterwards, to-wit, on or about the first day of August, A. D. 1881, at the city of St. Louis in the state of Missouri, the said Oliver D. Filley died intestate, and that *said plaintiffs, John Davis* and *Oliver B. Filley*, were, by the probate court of the city of St. Louis, in the state of Missouri, duly appointed administrators on the estate of said Oliver D. Filley.

"Plaintiff further states that said defendants, William Gilpin and Philip D. Pollard, are now, and since the rendering of said judgment have been, non-residents of the state of Missouri.

"And, further, that no part of said judgment, either principal or interest, has been paid by said defendants.

"Wherefore, plaintiff prays judgment against said defendants, William Gilpin and Philip D. Pollard, in the sum of $2,120.25, and legal interest on the same from the eighteenth day of September, A. D. 1865, and for such other and further relief, as to the court in its judgment may deem proper."

Defendant answered substantially as follows :

Defendant says that he was sued as alleged by the plaintiff ; that the sheriff made return upon the summons in said case ; that service was had in said Jackson county upon a white member of said defendant's household, over the age of fifteen, February 21, 1861 ; that said return was false and fraudulent, stating how it was false, and that he had not been a resident of, and had no usual place of abode in, the state for many years prior thereto ; that said judgment was based on a certain draft on which defendant was alleged to be an accommodation indorser ; that he never had any notice whatever that said draft had been protested, but had supposed, and had reason to believe, that the same had been fully paid by the drawer thereof ; that for many years the defendant was governor of the territory of Colorado ; that he has, since the latter part of 1861, remained continuously there, residing in the city of

Denver, and has been well known there and known to plaintiff to be residing there.

Plaintiff, in the reply, set up that the defendant was duly served with process in the original suit, setting out the manner of service and denied generally the allegations of the answer.

There was no evidence introduced, but the case was submitted to the trial court on the following stipulation: "For the purpose of submitting the above entitled cause to the court, sitting as a jury, for its finding and the rendition of judgment therein in accordance with its finding, it is hereby stipulated by and between the plaintiff and the defendant, that the court shall take the said cause as submitted, and shall consider that the plaintiff has introduced evidence in due form tending to sustain the allegations in the petition and reply, and that the defendant has, in like manner, introduced evidence tending to sustain the allegations in the answer, and, upon such evidence, shall render its verdict and judgment in accordance therewith, the same as though said evidence had been introduced in due form; provided, however, that either party objecting to such finding and judgment shall have his right to file a motion for a new trial and a motion in arrest of judgment, and to appeal, in accordance with the provisions of the statutes, as in ordinary cases."

The death of Oliver D. Filley was suggested before trial in the circuit court, and by consent of parties it was ordered that the suit abate as to him.

The court gave judgment for plaintiff in the sum of $4,955.63. Within proper time defendant moved in arrest of judgment, among others assigning the following reasons: *First*, that by the record said judgment is erroneous; *second*, because the petition does not state facts sufficient to constitute a cause of action against the defendant, which being overruled defendant appealed.

The only ground urged in this court for a reversal of the judgment is that the Mechanics' Bank is not the

real party in interest. It is claimed by appellant, and conceded by respondent, that the action ought to have been brought in the name of Oliver D. Filley's administrators.

The respondent's contention is, however, that appellant is not now in a position to avail himself of this defect. By section 2043, Revised Statutes, 1889, it is provided that, "The defendant may demur to the petition when it shall appear upon the face thereof either * * * *second*, that the plaintiff has not legal capacity to sue; * * * or, *fourth*, that there is a defect of parties, plaintiff or defendant." And by section 2047 it is provided that when any of the matters enumerated in section 2043 do not appear upon the face of the petition the objection may be taken by answer. And, "if no such objection be taken either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court over the subject-matter of the action, and excepting the objection that the petition does not state facts sufficient to constitute a cause of action."

This defect of the parties plaintiff in this case clearly appears upon the face of the petition, and it could have been reached by demurrer. No demurrer was interposed, however; neither was this defect called to the attention of the court by the answer, or by any other method. The fact that this point was not urged in the court below, either formally, or in argument, clearly appears from the record before us; for it contains the opinion filed by the trial judge, in which he does not refer to it at all. It is true, it might possibly be inferred that appellant intended to present that point in his motion in arrest of judgment, but our code of civil procedure requires parties to be more specific in their dealings with each other. Each litigant must unmask his batteries. We think appellant waived this defect by not demurring, when he could have demurred. It was not a defect affecting the merits of the case in the least

degree, and it can be cured by amendment in this court. This course is especially provided for by sections 2113 and 2114, Revised Statutes, 1889, and such amendments as this have often been made by this court under them. *Mueller v. Kaessmann*, 84 Mo. 318 ; *Cruchon v. Brown*, 57 Mo. 38; *Weil v. Simmons*, 66 Mo. 617 ; *McClanahan v. West*, 100 Mo. 309 ; *Hunt v. Railroad*, 89 Mo. 607.

The appellant in his argument to this court says: "If the action had been brought by the right party, the defendant would have insisted upon his defense that defendant was not liable on the draft, which was the basis of the judgment sued upon in the case at bar, and that the return of the sheriff is false and fraudulent. We should have appealed to the court to destroy the precedent set by the case of *Hallowell v. Page*, 24 Mo. 590, and bring the law into conformity with the progressive spirit which has in other states swept away the doctrine as inconsistent with justice and right." Such a practice as this cannot be tolerated for a moment. The point upon which a reversal is asked is so dry and technical that we can almost hear it rattle as we write it down. The error would have been corrected in the court below, if it had been merely suggested. The statement we quote above shows that this defect did not escape defendant's attention from the start ; for this court is informed that this technical defect is all on earth that stood in the way of defendant's destroying the unjust precedent of *Hallowell v. Page*, or at least asking this court to destroy it.

There seems to be no merit in this appeal, and it is ordered that the words, "Mechanics' Bank for the use of," be stricken out, and the judgment stand affirmed in the name of John T. Davis, administrator of the estate of Oliver D. Filley, deceased. All of this division concur.