DRYDEN v. SEWELL.

(First Division.   Juneau.   February 29, 1904.)

No. 278.

1. PARTIES—REAL PARTY IN INTEREST—OBJECTION—WAIVER.

Every action shall be prosecuted in the name of the real party in interest, except as otherwise provided in section 27 of the Code of Civil Procedure.   Where the objection is not taken in limine by plea, answer, or demurrer, the court, considering the mischief already incurred, and the objection being merely technical and formal, will not, except in special cases, allow it to prevail at the hearing, but will deem it to be waived.

[Ed. Note.—For cases in point,.see vol. 37, Cent. Dig. Parties, § 168.]

2. SAME.

The real party in interest, within the meaning of the Code, is the person who will be entitled to the benefits of the action if successful; one who is actually and substantially interested in the subject-matter, as different from one who has only a nominal, formal, or technical interest in or connection with it.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Parties, §§ 6–8.]

3. SAME.

The objection that a party is not the real party in interest must be raised by demurrer or answer, and facts must be stated if by answer.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Parties, § 118.]

The complaint in this action alleges that the plaintiff and defendant are copartners in a certain drug business at Haines, Alaska, and leading up to the general statement it is alleged that Lane and Sewell entered into a copartnership on the 24th day of July, 1902, and that thereafter, at the instance and request of the defendant, Sewell, the plaintiff, by and through his agent and attorney in fact, at the instance and request of said Sewell, and by agreement with him, purchased an interest in the copartnership of Sewell & Lane, and thereby became

a partner of the said Sewell, and alleges that ever since the 16th day of December, 1902, the petitioner and Sewell have been and are carrying on the business mentioned in the articles of agreement as partners.

As evidence of the assignment of the interest of Lane, the articles of copartnership between Lane and Sewell were attached to the complaint and made a part thereof. In the second paragraph of said articles of copartnership between Lane and Sewell it is agreed that said partnership shall exist two years from the date thereof, and that if either partner shall desert said partnership before the expiration of said two years without the written consent of his copartner he shall forfeit one-half of his interest in the concern as liquidated damages. On the back of said articles of copartnership is indorsed the following:

"In consideration of the sum of $650 to me in hand paid by Dr. J. M. Dryden of Royal Center, Indiana, the receipt whereof is hereby acknowledged, I do hereby transfer, assign, and set over to said Dr. J. M. Dryden, his heirs and assigns, forever, all my right, title, and interest in and to the within instrument in writing.

"Witness my hand and seal this 16th day of December, A. D. 1902.

"M. W. Lane. [Seal]

"Done in presence of
    "Lester H. Wagner,
    "W. B. Stout."

The defendant, Sewell, denies that the plaintiff at any time purchased the whole or any part of Lane's interest; denies said partnership in pursuance of any request of defendant; denies that defendant ever made any such request; denies that the plaintiff is or ever was a partner of the defendant in said drug business, or at all; denies that there are any goods or merchandise or accounts of real estate in the possession or ownership of any such partnership; denies that there is any such partnership or any firm of Dryden & Sewell; denies that the sum of $146, mentioned in plaintiff's complaint as having

been advanced to defendant by plaintiff, by T. Dryden as attorney in fact, on March 1, 1903, was for any other purpose than as an individual loan from plaintiff to defendant, and for which defendant executed and delivered his promissory note, which note plaintiff still holds; denies that said firm is indebted for goods; denies that there is any such firm; and denies that he has never kept or caused to be kept regular books of account showing his business transactions.

W. Wildorn, for plaintiff.

R. W. Jennings, for defendant.

BROWN, District Judge. The denial by the defendant, as will be seen from the above statement, is special, and not general. Under well-settled rules of pleading, every fact properly pleaded in the complaint and not denied is admitted. Before going into the facts in this case, I desire to refer to a single question raised by the brief of the defendant's attorney, and deemed by him to be important, and in fact as settling the case in the defendant's favor.

The claim is that the plaintiff is not the real party in interest, and that he cannot maintain this suit inasmuch as it appears by the evidence that T. Dryden and not the plaintiff, Dr. J. M. Dryden, is the real party in interest. It may be accepted as the rule of law that under our Code of Civil Procedure an action must be prosecuted in the name of the real party in interest in all cases save those pointed out by our statute.

Section 25 of our Code reads as follows:

"Every action shall be prosecuted in the name of the real party in interest except as otherwise provided in section 27, but this section shall not be deemed to authorize the assignment of a thing in action not arising out of contract."

Counsel for defendant cites many authorities to show that actions other than those excepted by the Code must be brought

in the name of the real party in interest. The court accepts that as the settled law. The question that arises here is not one of law but one of fact as to who is the real party in interest. Counsel refers in his brief to section 45 of Bliss on Code Pleading. The only thing we find under section 45 of Bliss touching the question who is the real party in interest is in note 3, section 45, bottom of page 69:

"The real party in interest is the party who is to be benefited or injured by the judgment in the case. It will be observed that the rule provides that an action must be prosecuted in the name of the real party in interest, and of course if the defense can show that the plaintiff or plaintiffs are not the real parties in interest, the action must fail."

Counsel also cites Pomeroy's Remedies and Remedial Rights (2d Ed.) p. 157, and notes. Killmore v. Culver, 24 Barb. (N. Y.) 147, was an action on a promissory note payable to Tanner or bearer, says Mr. Pomeroy. The answer denies plaintiff's ownership, and alleges that Tanner was the real owner. It was sufficiently established by the evidence that the plaintiff was acting simply as agent for Tanner, and would be immediately accountable to the latter for all the money recovered. These facts were held to constitute a complete defense, on the ground that Tanner was the real party in interest.

In the note cited the court said that it was evident from the evidence that the plaintiff was not at all interested in the event of the suit. In that case the ownership or the interest of the plaintiff was put to issue by the essential averments of the answer. The answer denied the plaintiff's ownership, and alleged that Tanner was the real owner, and the proof sustained it.

In James v. Chalmers, 6 N. Y. 209–215, Wells, J., remarked that it is held in Hereth v. Smith, 33 Ind. 514, and cases cited, that if the defendant desires to raise the issues in such action, he must allege facts showing that the plaintiff is not the true party in interest; a denial is not sufficient.

In the court of last resort in the State of New York, in City Bank of New Haven v. Perkins, 29 N. Y. 554, 86 Am. Dec. 332, the rule of the court was reaffirmed and applied to the facts before the court, although no allusion was made in its opinion to the provisions of section 111 of the Code of Procedure. The court stated the doctrine as follows:

"Nothing short of mala fides or notice thereof will enable a maker or indorser of such paper to defeat an action brought upon it by one who is apparently a regular indorsee or holder, especially where there is no defense to the indebtedness. As to anything beyond the bona fides of the holder, the defendant who owes the debt has no interest."

The same rule was adopted in Brown v. Penfield, 36 N. Y. 473, and in other cases, and the doctrine in that state settled. It is said that the same doctrine prevails in Iowa that is established in New York. In Indiana the Code has received different construction, so says this authority.

Counsel cites a California case in support of his contention, Wright v. Ward, 4 Pac. 534. In this case it is merely decided that a person who had not been made a party to the suit was a necessary party to the decision of the question before the court, and the case that had been decided was reversed upon this doctrine.

The other California case cited by counsel is Young & Allen v. Hoglan, 52 Cal. 466, which is to the effect that a settlement of partnership accounts between the partners can only be made in an action in which all the partners are parties.

And considering the question as to who are the proper parties plaintiff, it is said, in general, an action on a contract, whether express, implied, or by parol, under seal or of record, must be brought in the name in whom the legal interest in such contract is vested.

In Larned v. Carpenter, 65 Ill. 543, and also Mudge v. Rinkle, 45 Ill. App. 604, it is said that it is an inflexible rule that an action at law upon a contract must be brought in the name of the person in whom the legal interest is vested.

Again, it is said that the legal interest in a contract is in the person to whom the promise is made and from whom the contract passes, and he is the one to bring the action upon such contract. Buck v. Carlisle, 98 Ala. 580, 13 South. 585; Treat v. Stanton, 14 Conn. 445; Saladin v. Mitchell, 45 Ill. 79; Davis v. Clinton Waterworks Co., 54 Iowa, 59, 6 N. W. 126, 37 Am. Rep. 185.

Again, it is said that no person can be sued for breach of contract who has not contracted, either in person or by agent, or, in other words, who is not a party to the contract. Grenade v. Hardaway, 73 Ga. 526; Strawn v. O'Hara, 86 Ill. 53; Derickson v. Krause, 4 Ill. App. 507; Terre Haute, etc., R. Co. v. Brown, 107 Ind. 336, 8 N. E. 218.

For a breach of contract the person to be sued is the person who has promised or who has allowed credit to be given him. Leach v. French, 69 Me. 389, 31 Am. Rep. 296; Viner v. Cadwell, 3 Esp. N. P. 88.

A person who expressly contracts and permits credit to be given to him is liable, though he was not the strict legal owner of the property in respect of which the contract was made, nor beneficially interested. Briggs v. Partridge, 64 N. Y. 361, 21 Am. Rep. 617.

It is said on page 690, Encyclopedia of Pleading & Practice, that a bill in equity is never dismissed for want of parties, and it is undoubtedly the general rule that however and whenever the objection is raised the bill may be and should be allowed to stand over, in order to afford the complainant an opportunity to bring in the necessary parties by amendment; for the defect of nonjoinder is curable by amendment.

On page 696 of the same volume it is said, where the objection is not taken in limine by plea, answer, or demurrer, the court, considering the mischief already incurred, and the objection being merely technical and formal, will not, except in

special cases, allow it to prevail at the hearing, but will deem it to be waived.

In the case at bar the important question is, who is the real party in interest as plaintiff. The real party in interest, within the meaning of the Code, is the person who will be entitled to the benefits of the action if successful; one who is actually and substantially interested in the subject-matter, as different from one who has only a nominal, formal, or technical interest in or connection with it. In some courts it is held that the legal title without the beneficial interest is not sufficient, while according to others the possession of legal title alone will be sufficient. Ency. of P. & P., pp. 710–711, and notes cited in support; O'Connor v. Irvine, 74 Cal. 435, 16 Pac. 236; Allen v. Newberry, 8 Iowa, 65.

In this case the court said:

"Civil actions are to be prosecuted in the name of the real party in interest. Code, § 1676. At law this means the party having the legal interest, and hence it has been decided that the holder of a note, not negotiable by delivery nor assigned, could not sue upon it in his own name, though the real owner of it."

How is the question of the real party in interest to be determined? Objection that the plaintiff in an action is not the real party in interest, as required by the Code, when valuable by way of defense, must be raised by demurrer and answer. 15 Ency. P. & P. 715, citing in support of text New York and Missouri cases.

If the objection is not taken by demurrer or answer, it will be considered to have been waived. Giraldin v. Howard, 103 Mo. 40, 15 S. W. 383; Mechanics, etc., v. Gilpin, 105 Mo. 17, 16 S. W. 524; Spooner v. Delaware, etc., Power Co., 115 N. Y. 22, 21 N. E. 696; Robbins v. Deverill, 20 Wis. 142.

It is also said that, where the defendant answered to the merits and goes to trial, he cannot afterwards raise the objection that the real party in interest has not been made a party

to the complaint. New England L. & T. Co. v. Brown, 59 Mo. App. 461.

It is not sufficient foundation to allege in the answer that the plaintiff is not the real party in interest, but the facts showing this to be the case must be set forth. Under the Code, as at common law, the party with whom the contract is made is, as between the original parties thereto, prima facie the real party in interest, and must maintain an action on the contract. 15 Ency. P. & P. 715.

Our Code of Civil Procedure (section 58, p. 156) provides as a ground of demurrer that there is a defect of parties plaintiff or defendant when this appears upon the face of the complaint. Section 61 of the Code further provides, when any of the matters enumerated in section 58 do not appear upon the face of the complaint, the objection may be taken by answer. Section 62 further provides that, if no objection be taken either by demurrer or answer, the defendant shall be deemed to have waived the same; excepting only the objection to the jurisdiction of the court and the objection that the complaint does not state facts sufficient to constitute a cause of action.

Inasmuch as the answer in this case neither denies that the party who sues in this action is the real party in interest nor pleads affirmatively as to the real party, it would seem that, under the plain terms of our Code, the question of objection to the party plaintiff is waived.

It is also claimed in defendant's brief that, if the equitable grounds of relief stated in plaintiff's complaint should fail, the case could not continue, but should be dismissed for this reason. Accepting this, for the purposes of this case, as the law thereof, let us examine the evidence. The question of the real party in interest as the plaintiff in this case is not in issue by the pleadings, and is not in issue in the case in any way. It was not raised by the answer, and under our statute the

whole question is waived. Upon the evidence, it clearly appears that J. M. Dryden purchased the interest of Lane in the partnership and partnership property on the invitation and at the request of the defendant, Sewell, with the understanding that Dryden should thereby become his (Sewell's) partner in the business.

This being fully determined, what is there in this case? The plaintiff prays for a receiver for the dissolution of the partnership, for an accounting, and for winding up the business. Sewell admits that he has not permitted Dryden to have any part or share in the business or the management thereof, and that Lane has had none since the sale by Lane to Dryden; that Dryden has been wholly excluded, and that the business has been treated as if wholly the business of Sewell, and he (Sewell) has been buying and selling in his own name.

Leaving the partnership practically dissolved by the action of Sewell in denying Dryden any right or interest in the partnership business or affairs, some action must be taken by the court to close up the business and to have an accounting. To this end I think it desirable that some responsible person, competent to examine into the affairs of this partnership, should be temporarily appointed as a receiver, and that he should look into all the business transactions of the firm, and, as a referee appointed by this court as well as receiver, to make a full and complete statement of the affairs of these parties, and to report the same to the court, with the condition of the business and the claims of the parties in interest. A receiver and referee will be appointed to take charge of the business and wind up its affairs. That in the meantime it will be ordered that the temporary injunction heretofore granted shall continue in force, restraining Sewell in the management of said business, and that his bond shall be held liable for the proper conduct thereof until a settlement shall have been made, or a further order of the court made in the premises.