McDowell *vs.* Cochran.

WILLIAM McDOWELL, administrator of Robert Whitton, deceased, plaintiff in error, *vs.* ADAM JESSE COCHRAN, defendant in error.

*Error to Massac.*

Ordinarily an execution must issue on a judgment, and be returned unsatisfied, before a Court of Equity will entertain a bill to reach real estate, in which the judgment debtor has not such an interest as can be sold on execution; but in proceedings against intestate estates, which are insolvent, a resort to equity may be had, without this preliminary step, since, by our statute, an execution cannot issue upon a judgment against an administrator.

The administrator must be made a party to the suit.

Where a demurrer to a bill in chancery is sustained, unless leave to amend is asked, a dismissal of the bill is the proper decree.

Bill in chancery in the Massac Circuit Court, brought by plaintiff in error against defendant in error. Heard on demurrer to bill at May term, 1849, before Denning, Judge. Demurrer sustained, and bill dismissed. To correct this judgment the writ of error was sent to the Circuit Court.

The facts of the case are stated in the opinion.

T. G. C. DAVIS, for plaintiff in error.

The only error assigned was the dismissal of the bill.

The plaintiff in error made the following points, and cited the following authorities:

1st. The law does not require impossibilities. In this case an execution could not have been issued under the provisions of the statute. 3d Gilman's Reports, 490. It is not necessary to sue out execution before proceeding against land to which the debtor was equitably entitled. 1st Equity Digest, 339; 2d Paige's Ch. Rep., 54.

2d. The allegations in the bill dispense with the necessity for issuing execution (admitting that otherwise it should be done before filing this bill,) by showing that execution would have been wholly unavailing, there not being at the time of the death of the original defendant, any personal or other property belonging to the estate.

3d. Where a debtor enters land with his own funds, in the name of a third person, it is a fraud, especially upon antecedent creditors; and Courts of Equity will subject land so entered to the payment of debts due by the person so furnishing the means to make the purchase. 3d John. Ch. Rep., 481; 5 Cowen, 67; 2d Story's Eq. Jur., secs. 609 and 1201; 2d Paige's Ch. R., 59.

4th. Allegations of fraud in fact, committed by taking conveyances in the names of third persons, with intent to defraud creditors, will induce a Court of Equity to entertain a bill, even in the case of a conveyance taken in the name of an infant child of the debtor. 10th Paige's Ch. Reps., 505.

RICHARD S. NELSON, for defendant in error, made the following points:

1st. A judgment must be obtained, and execution issued, and returned *nulla bona,* to give a Court of Equity jurisdiction. McDermot *vs.* Strong, 4th Johnson's Ch. Reps., 689; Stone *vs.* Manning, 2d Scammon, 534; Revised Laws, p. 97.

2d. It is the favorite policy of Courts of Equity to distribute assets *pari passu,* unless a legal preference be obtained. And a plaintiff must come into this Court in the character of an execution creditor. Revised Laws, p. 561, sec. 115. Pascal *vs.* Hailman, 4 Gilman, p. 285.

3d. The plaintiff in error ought to have filed his claim in Court of Probate, as required by law. And in case there was trust property that could not be reached in the ordinary way, he ought to have obtained an order of the Probate Court, directing the administrator to proceed in equity, against the heir, for the benefit of all the creditors. Revised Laws, p. 558, sec. 103; U. S. Digest, vol. 2d, page 187, 188. And if creditor fail to file his claim in two years, he will be barred at law. Revised Laws, pa. 560, sec. 114; Thorn *vs.* Watson, 5th Gilman, 26.

4th. An administrator, by confessing judgment in favor of any particular creditor, is precluded from denying assets. 4th Cowen, 465; 1st Johnson's Cases, 276.

5th. The administrator was undoubtedly interested, and ought to have been made a party to the bill. Greenup *vs.* Porter, 3d Scammon, 65; U. S. Digest, pa. 187, sec. 90.

6th. If this bill is maintainable at all, it ought to have been filed for the common benefit of all the creditors, and the administrator ought to have filed the bill. U. S. Digest, vol. 2, pa. 388; Martin *vs.* Root, 17 Mass., 222.

Opinion by TREAT, C. J.:

This was a bill in chancery, filed by McDowell, administrator of Whitton, against Adam Jesse Cochran, to subject a cer-

tain tract of land to the payment of a judgment recovered by the complainant, against the administratrix of the estate of Adam Cochran, which estate the bill alleges is insolvent. The bill charges that Adam Cochran entered the land, with his own funds, in the name of his infant child, the defendant, with the fraudulent design of preventing the complainant from collecting the debt, for which the judgment was rendered. The Court sustained a special demurrer, and dismissed the bill.

If the allegations of the bill respecting the purchase of the land are true, the complainant has in equity a clear right to enforce satisfaction of his judgment out of the land. It is insisted, however, that he cannot seek this relief until an execution has been issued on the judgment, and returned unsatisfied. The general rule undoubtedly is, that a creditor must obtain a judgment for his debt, and endeavor unsuccessfully to enforce its collection by execution, before he can go into equity to satisfy it, out of property that cannot be reached at law. His right to relief in equity, in such case, rests on the fact that he has exhausted his legal remedies without being able to collect his debt. Ordinarily an execution must issue on the judgment, and be returned unsatisfied, before a Court of Equity will entertain a bill, to reach real estate in which the judgment debtor has not such an interest as can be sold on execution. But the present case is an exception to the rule. The complainant has already exhausted his legal remedies without success. Under our statute, an execution cannot issue on a judgment against an administrator, but the judgment is to be paid in due course of administration, as all other claims against the estate. Welch *vs.* Wallace, 3 Gilman, 490. The estate being insolvent, the complainant cannot obtain payment in the latter mode. His only remedy, therefore, is to proceed in equity against the land, and to that, on the showing of the bill, he is clearly entitled.

But it is contended that, instead of permitting him to pursue this remedy, he should be required to institute proceedings in the Probate Court, to compel the administratrix to petition the Circuit Court for leave to sell the land, to pay the debts against the estate. The statute seems only to authorize the Circuit Court to order the sale of real estate of which the intestate died seized; but however that may be, there are strong reasons why all questions affecting the title to the land in question should be

adjusted, before the land is exposed to sale. These matters could not be investigated and settled, in a summary application by the administratrix for a license to sell land to pay debts. Unless a good title could be acquired by the purchaser, the property would be sacrificed, and the rights of the estate and creditors prejudiced. All obstacles in the way of acquiring such a title, should be removed before a sale is ordered.

It is insisted that a bill of this character should be filed on the behalf of all the creditors of the estate. If there is any force in this objection, it is a sufficient answer to remark, that the case no where shows that there are any other creditors than the complainant. If there were other creditors, and the complainant should succeed in subjecting the land to sale, perhaps a question might arise whether he would be entitled to a priority in payment, as a reward for his superior vigilance, or whether the proceeds should be considered simply as assets to be distributed *pro rata* among all the creditors. But these questions do not arise, and it is not necessary to express any opinion respecting them.

It is insisted that the administratrix is a necessary party to the suit. This objection to the bill is well taken. The complainant should have made the administratrix a defendant, and allowed her an opportunity of showing that the judgment had been paid, or, if unpaid, that the estate was solvent, and, therefore, this proceeding was unnecessary. For this defect in the bill, the demurrer was properly sustained.

It is assigned for error that the Court erred in dismissing the bill unconditionally. If the complainant wished to amend the bill, he should have asked leave of the Court for that purpose; which would have been granted. But omitting to do that, he elected to stand by the bill, and the proper decree on the demurrer was for its dismissal.

The decree of the Circuit Court is affirmed, with costs.

*Decree affirmed.*