GEORGE T. LOVEJOY, Impl'd, etc.

v.

EDWARD T. STELLE, Assignee, etc.

1.  ACTION OF DEBT ON BOND.—An action of debt for the penalty of a bond is strictly a legal action brought to enforce a legal right.   The penalty is one entire thing and can only be claimed by the obligee in the bond or his legal representative.

2.  SUIT BROUGHT BY ASSIGNEE'S SUCCESSOR.—Where the bond in suit run to "Leonard Klink, assignee, etc., for the use of W. H. Sisson," and Klink, the sole obligee, having died, appellee, who was not Klink's administrator, brought suit on the bond, basing his right to maintain such suit solely upon the circumstance that Klink was the assignee in bankruptcy of the estate of one Butters, and that after his decease appellee was appointed in his place. *Held*, that the action was not properly brought in appellee's name, since the judgment in justice's court in respect to which the appeal bond was given was recovered by Klink after he became assignee, and because from what appears upon the face of the declaration as well as by the evidence, neither the judgment nor the amount of it, had it been collected, belonged to the estate of the bankrupt and could not have been regarded as assets.

APPEAL from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding.   Opinion filed February 3, 1886.

This was debt upon an appeal bond brought by Edward T. Stelle, for the use of William H. Sisson against George T. Lovejoy, impleaded with Hebron Claflin. Breaches were assigned, to which several pleas were pleaded. Upon the trial by jury, the court, by peremptory instruction, directed the jury to find for plaintiff, debt three hundred dollars, and damages two hundred and seventy-five dollars and fifty-nine cents, for which judgment was given, and Lovejoy appealed to this court. It appears from the record, that January 19, 1874, Leonard G. Klink was appointed by the United States District Court, assignee in bankruptcy of the estate of W. A. & W. H. Butters, and deed of assignment then made; that afterward, June 10, 1875, Klink sued said Claflin in justice's court for the use of Wesley H. Sisson, and secured judgment for one hundred and seventy-four dollars in his, Klink's name, for use of said Sisson against Claflin; that the latter appealed to the circuit court, and executed, with Lovejoy as surety, the bond in suit, bearing date June 23, 1875, in the penal sum of three hundred and sixty dollars, running to "Leonard Klink, assignee, etc., for use of Wesley H. Sisson," and in the condition, the justice's judgment is described as having been in favor of Klink, for the use of Wesley H. Sisson. It appears that November 21, 1876, said appeal was dismissed in the circuit court; that December 2, 1877, said Klink died, and that May 13, 1878, Edward T. Stelle was appointed by the district court, assignee in bankruptcy of the estate of said Butters in place of Klink, and brought this suit upon said bond as such assignee, for the use of William H. Sisson; that when the bond was offered in evidence, the defendants objected to it on the ground that the suit was not brought in the name of the right party. The objection was overruled and exception taken. The evidence as well as the declaration, showed that the justice's judgment did not belong to the estate of the bankrupts, and that the money, if it were collected, would not be an asset.

Messrs. C. C. & C. L. BONNEY and Mr. LYMAN M. PAINE, for appellant.

Lovejoy v. Stelle.

Mr. R. P. Blanchard, for appellee.

McAllister, J. It is a general rule that an action at law upon a contract must be brought in the name of the party in whom the legal interest in the contract is vested. Dix, for use, etc. v. Mercantile Ins. Co., 22 Ill. 272; Larned v. Carpenter, 65 Ill. 543. An action of debt for the penalty of a bond is strictly a legal action brought to enforce a legal right. The penalty is one entire thing and can only be claimed by the obligee in the bond or his legal representatives. Sanders v. Filley, 12 Pick. 544.

The question in this case is whether the action upon the bond was properly brought in the name of Stelle, the obligee, Klink, having died. Klink was the sole obligee and Stelle was not the administrator of his estate. The legal right of Stelle to maintain the action upon the bond is based solely upon the circumstances that Klink was the assignee in bankruptcy of the estate of Butters, and that after his decease Stelle was appointed in his place.

We are of opinion that the action was not properly brought and could not be maintained by and in the name of Stelle as the successor of Klink as aforesaid. First, because the judgment in justice's court, in respect of which the appeal bond in question was given, was recovered by Klink after he became assignee, and secondly, because from what appears upon the face of the declaration, as well as by the evidence, neither the judgment nor the amount of it, had it been collected, belonged to the estate of the bankrupts and could not be regarded as assets. If, therefore, Klink had brought an action upon the bond in his lifetime the law would have required him to bring it in his own right, and not in his representative character as assignee. That being the case the only proper party to bring the action after Klink's decease is the administrator of his personal estate. We regard these views as fully supported by the settled principles of analogous cases. Betts v. Mitchell, 10 Md. 316; Hosier v. Arundell, 3 Bos. & Pul. 7; Adams v. Campbell, 4 Vermt. 447; Kline v. Guthart, 2 Penrose & W. 490, opinion by Gibson, C. J.; White v. Joy, 13 N. Y. 83; Austin v. Munroe, 47 N. Y. 360.

For the reason stated the judgment of the court below will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Judgment reversed.