HENRY H. GAGE

*v.*

AMANDA M. PARKER *et al.*

*Opinion filed February 17, 1899—Rehearing denied April 6, 1899.*

1. TAX DEEDS—*effect of reversal of decree enjoining taking out tax deed.* The reversal by the Supreme Court of a final decree making perpetual a temporary injunction against taking out a tax deed, the effect of which is to hold that complainant was not entitled to an injunction, works a dissolution of the latter, which, in the absence of any order of the court on re-docketing the cause, cannot be regarded as in force so as to prevent the defendant from taking out his deed in pursuance of section 225 of the Revenue act.

2. ESTOPPEL—*when supplemental bill is not lis pendens and matters adjudicated not res judicata.* A supplemental bill filed by the complainant in the original bill after parting with all title to the land in controversy is not *lis pendens* as to the title conveyed, and the matters adjudicated thereunder are not *res judicata* as to the grantee, where the purpose of the supplemental bill is to litigate matters unconnected with the original bill and arising after the latter was filed and the conveyance made, and where there is no sufficient evidence that the grantee was privy to the filing of the supplemental bill or the proceedings thereunder.

3. EVIDENCE—*one asserting validity of tax title has the burden of proving it.* A defendant in a burnt-records proceeding, who files a cross-bill claiming title in himself by virtue of tax deeds and asking to have certain of petitioner's deeds set aside as clouds, has the burden of proving the validity of his deeds.

APPEAL from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

GAGE & DEMING, for appellant.

JOHN W. WAUGHOP, for appellees.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

The appellee Amanda M. Parker filed her petition under the Burnt Records act to establish and confirm her title to the premises in controversy, being the north half of lot 13 in Elisha Bayley's subdivision of a certain

twenty-acre tract of land in Cook county. Her title was
not contested by any of the defendants except the appel-
lant, Henry H. Gage. Gage answered the petition and
filed his cross-bill, or petition, denying the title of ap-
pellee and alleging title in himself by virtue of seven
certain tax deeds which had been issued to him on sales
of the property for taxes and special assessments. Issues
were made, and the court found and decreed that the title
was vested in appellee, but that appellant had expended
certain sums of money at sales of the property for taxes
and special assessments, and in the payment of subse-
quent taxes and assessments, for which he should be re-
imbursed with interest, and that upon payment of the
same the title should be confirmed in appellee as prayed.
The money was paid to the clerk in compliance with the
order and a final decree entered confirming her title ac-
cordingly. By this appeal Gage seeks a reversal of the
decree.

It appears from the record that in 1874 the property
was sold for the non-payment of a certain special assess-
ment and that Gage purchased it at the sale. Prior to
that time appellee had sold and conveyed the property
and had taken back a deed of trust to secure a part of
the purchase money, for the non-payment of which her
trustee afterward, in 1875, sold the property under the
power of sale, and her husband, George W. Parker, act-
ing, as the court below found, as her agent, purchased
but took title in his own name. In 1876, a few days be-
fore the time of redemption under the tax sale expired,
George W. Parker brought his bill to enjoin Gage from
taking out a tax deed under his purchase, and obtained
an order for a temporary injunction upon condition that
he should give the required bond. The ground set up in
that bill was that the ordinance for the special assess-
ment was void. Gage answered the bill. Nothing more
seems to have been done in the case until 1881. During
the interval, at a sale in 1877, which was adjourned from

time to time, the property was six times sold for taxes and special assessments which had accrued from year to year and appellant purchased it each time and afterward obtained six tax deeds by virtue of such purchases. In 1878 George W. Parker and the appellee conveyed the property to one Martin, and in 1887 Martin conveyed it to the appellee.

In January, 1881, after he had parted with all title to the property, said George W. Parker filed his amended and supplemental bill in the cause, setting up these several sales for taxes since the original bill was filed, and alleging the payment or tender of sufficient redemption money and that the said tax deeds were void, and praying that they be set aside. Issues were made, the cause heard and a decree entered granting the prayer of the original and supplemental bills upon the payment by the complainant to or for the use of Gage a certain sum of money for taxes paid by him, with interest. Appellee was not a party to that suit. Gage brought the case by appeal to this court, and the decree was reversed and the cause remanded. (*Gage* v. *Parker*, 103 Ill. 528.) The case was re-docketed in the circuit court in 1883, and afterward, in January, 1884, the complainant therein, George W. Parker, amended the bill, but no further proceedings were taken until 1896, when Gage filed his demurrer to the amended bill. The court sustained the demurrer and dismissed the bill, and a few months thereafter the appellee filed this petition under the Burnt Records act, as before stated, the legal title having been re-conveyed to her in 1887. During the year 1887, however, she conveyed the property to one Pearce, who gave back to her a declaration of trust showing that she was the beneficial owner, and before this petition was filed Pearce re-conveyed to her. After answering the petition, in which he set up his claim of title under his tax deeds, Gage filed his cross-bill or petition, in which he set up the various proceedings in the other case, including the judgment of this

court reversing the decree of the court below and remanding the cause, and the decree dismissing, on demurrer, the bill and supplemental bill of George W. Parker as amended, as a bar to any relief by appellee on her petition, alleging that the matters sought to be litigated were *res judicata*, and that the petitioner was estopped from questioning the validity of said tax deeds or his title under them.

The record shows that when the former case was disposed of, in 1896, by the dismissal of the bill by the court, Gage procured a tax deed upon his purchase at the tax sale of 1874, and that he claimed title in this case, not only under this tax deed, but also under the other six tax deeds issued to him in pursuance of his purchases at the tax sales of 1877. The court, on the hearing, required him to elect under which of said tax titles he claimed title to the property. This he refused to do, and upon the evidence the court found and decreed that the petitioner was the owner of the property at the time of the destruction of the records by fire, and was still the owner, and was entitled to have her title confirmed and established; that appellant had no title to the property, but was entitled to have re-paid to him the moneys which he had paid out for taxes, with interest, which it appeared was $2023.15.

It appears from the record that appellee became the owner of the property in 1867, and continued to be the real owner (though at times the legal title was vested in others) until this suit was brought, except for the period from 1872 to 1875, when one Dore, her vendee, owned it, but being unable to pay the purchase money she became the equitable owner in the latter year by virtue of a trustee's deed under the execution of a power of sale made to her husband at a sale for her benefit. It appeared, also, that she had and retained possession of the property by tenants in actual occupation thereof, and the decree finds also that appellee was at the time of the

filing of her petition, and had been for more than seven successive years prior thereto, in the actual possession of the property by actual residence thereon by and through her tenants, having at the same time a connected title, in law or equity, deducible of record from the United States. Whether or not his finding was justified under the evidence, whereby appellant's tax titles would be cut off by virtue of section 4 of the Statute of Limitations, we do not consider it necessary to determine, but after a careful examination of the record and briefs and arguments of counsel we have reached the conclusion that the decree should be affirmed on other grounds.

Counsel on both sides have, in the main, confined their arguments to the principal question, which is, the effect which the former case, its pendency and final result, should have upon the rights of the parties to this cause.

Appellant contends that the tax sale of 1874 and the six tax deeds which he obtained under his purchases at the sales of 1877, were, in effect, adjudged valid in the former suit; that appellee took her title while that suit was pending; that she was a purchaser *pendente lite*, and is therefore concluded by the result of that litigation. This position is correct as to the original bill filed while George W. Parker held title to the property. That bill attacked the tax sale of 1874 on the ground that the assessment was void because of the insufficiency of the ordinance, and the final decision was against that contention. Appellant did not, however, take out his deed on that sale until 1896—twenty-two years after the sale. By section 225 of the Revenue act his certificate of purchase was void when he obtained the deed, unless he was prevented by injunction, order of the court or refusal of the clerk to issue it from obtaining it.

Appellant contends that he was enjoined by the order of the court in 1876, in the suit commenced by George W. Parker, and that this order remained in force until the bill was dismissed, in 1896. We cannot regard this view

as correct. The record shows that upon the filing of the bill in 1876, a few days before appellant would have been entitled to a deed the court made an order for a temporary injunction enjoining him from taking out such deed upon the condition that appellant should give bond in the sum of $500. The record does not show whether this condition was complied with or not. But, independently of that, we are of the opinion that the reversal by this court of the decree of the court below in *Gage* v. *Parker, supra,* operated as a dissolution of the injunction. The grounds set up in the bill, and upon which the injunction was granted, were that the ordinance which authorized the assessment for the non-payment of which the land was sold was void; but this court, in reversing the decree, held otherwise, or, rather, that the question in the manner presented could not be raised in that case. The necessary effect of the decision was that the complainant in that bill was not entitled to an injunction, and the final decree making the temporary injunction perpetual was reversed and the cause remanded. We are unable to see how it can be maintained, as contended by appellant, that the temporary injunction remained in full force after the cause was re-docketed in the court below,—and that, too, without any order to that effect of such court. The temporary injunction was the same as the perpetual injunction, and was by the order making it perpetual merged in the latter, so that there was no longer any temporary injunction. (10 Ency. of Pl. & Pr. 1029.)

Appellant has cited certain cases to the effect that where a final decree is reversed for errors a temporary injunction will not be regarded as *ipso facto* dissolved where the bill shows the complainant was entitled to such injunction,—in other words, where the complainant was entitled to the temporary injunction, the reversal of the final decree on other grounds would not necessarily operate as a dissolution of such temporary injunction. This, however, is not such a case. The order making the

injunction perpetual was reversed upon the ground that the complainant was not entitled to the injunction, and when the cause was remanded the trial court did not make, and was not asked to make, any order respecting the injunction, and if it had been, it could not have done otherwise than to formally dissolve the injunction,—a thing which, for all substantial purposes, had already been accomplished by the decision of this court. True, this court did not dismiss the bill, but remanded the cause; but it reversed the decree granting the injunction on the grounds upon which it was granted, and it is difficult to understand how it can reasonably be said that the injunction remained in force. (*Thomsen* v. *McCormick*, 136 Ill. 135.) Appellant's contention is, that notwithstanding the decision of this court this preliminary injunction remained in full force against him for more than twelve years after the cause was re-docketed in the circuit court, and that he had one year from the time the bill was dismissed, in 1896, in which to obtain his deed. We are not of this opinion, and our conclusion is, that, notwithstanding the questions as to the validity of the tax or assessment, and the sale in 1874 for its non-payment, are *res judicata* by virtue of the decision in the former case commenced by George W. Parker when the title was vested in him, appellant did not take out his deed within the time prescribed by the statute, and that his certificate of sale became void, and that the deed obtained in 1896 conveyed to him no title.

The next questions are, was the supplemental bill of George W. Parker in the suit commenced by him in 1876, filed in 1881, after he had parted with all interest in the property, *lis pendens* as against the title previously conveyed by him?—and are the matters adjudicated under such supplemental bill *res judicata* as to the title now held by appellee? These questions were properly answered below, upon the evidence, in the negative. The purpose of the supplemental bill was to set aside and

cancel the six tax deeds obtained by Gage during the
years 1879 and 1880 upon the before-mentioned tax sales
of 1877 for the same property,—that is, to litigate mat-
ters which arose after the original bill was filed and after
he ceased to have any title to the property. Without
sufficient evidence that the then owner of the property
was privy to the filing of this bill or to the proceedings
under it, such owner would not be bound or estopped
thereby. While, as we held in *Gage* v. *Parker*, *supra*, it
was proper to allow the complainant to file the supple-
mental bill, it not then appearing that he had parted
with his title, still it cannot be doubted that an original
suit might have been commenced and a new bill filed to
set aside and cancel said six deeds, and no one would
contend that a new bill filed in another suit by Parker
after he had parted with his title would of itself bind the
owner as a *lis pendens*. Thus, in *Bradley* v. *Luce*, 99 Ill.
234, this court, in speaking of the effect of an amendment
to a bill setting up a new contract, said (p. 245): "But
this amendment could only be notice or binding as a *lis
pendens* from the time it was made. It could not relate
back to the time of filing the original bill. (Freeman on
Judgments, sec. 199.) The original bill would be notice
of every fact contained in the pleadings; but this amend-
ment was new matter, disconnected in any manner with
the original bill, and could not be a binding *lis pendens*
until it was filed and allowed as an amendment to the
original bill by the court. It was, in effect, a new bill,
and can only be regarded as notice to purchasers from
the time it was incorporated in the original bill." It
therefore appears that, conceding the contention of ap-
pellant that the appellee should be treated as a pur-
chaser of the property while it was in litigation in the
suit brought by George W. Parker, and that that suit was
*lis pendens* and binding upon her until its final determina-
tion, still the doctrine he invokes does not extend to the
supplemental bill, and the adjudication under it of the

validity of the six tax deeds thereby sought to be set
aside, without more proof than the record contains that
she was privy to that bill or the litigation under it,—at
any rate, this court will not disturb the finding of the
court below upon such evidence.

It does not appear, and is not contended, that appel-
lant's equities are such that the claim of title set up
by appellee, in view of all the evidence in the case, can
operate as a fraud upon appellant's rights; but it is con-
tended that if the validity of the six tax deeds is not a
matter *res judicata* in this suit, still their validity was es-
tablished in the other suit, and upon the doctrine of *stare
decisis* should be regarded as valid here. It was said, how-
ever, in that case, (*Gage* v. *Parker, supra,* on p. 539,) that "in
the bill,"—that is, the supplemental bill,—"the relief is
based purely upon the ground that a proper redemption
was made. We do not think that the evidence establishes
a redemption, and the decree setting aside these deeds
was erroneous." If the principle contended for should
be regarded as applicable in case the question of redemp-
tion were involved, as that question is not involved it is
not applicable. While appellant contends that his six
tax deeds are valid conveyances to him of the property,
no attempt whatever is made to support his assignment
of error in respect to this question, or to point out to us
how or wherein the court below erred in adjudging them
void, except in his contention that they had been ad-
judged valid in the former suit,—and this contention, as
has been seen, cannot be sustained. True, he asserts the
deeds are valid because, as he says, they have been ad-
judged so; but whether valid or not, independently of that
question, appellant has seen proper to leave the case
without brief or argument. He was made defendant to
the petition and filed his cross-bill, in which he claimed
title in himself by virtue of his tax deeds, and asked to
have certain deeds in appellee's chain of title set aside
as clouds upon his title. Clearly the burden was on ap-

pellant to show the validity of his tax title. Even if it did not rest on him by virtue of section 18 of the act under which the proceeding was instituted, (2 Starr & Cur. Stat. 2000; *Gage* v. *Caraher*, 125 Ill. 447; *Smith* v. *Hutchinson*, 108 id. 662;) he assumed it by his cross-bill as well as by his assignments of error here. It appears from the record that appellee was in possession of the property, and that as to some of the assessments under which appellant claims title the property was assessed in her name, yet it does not appear that the notice required by the statute was served on her three months before the expiration of the time of redemption. It does appear that such notice for her was served on George W. Parker, her husband; but in this, as has been held, the statute was not complied with. *Gage* v. *Lyons*, 138 Ill. 590; *Cotes* v. *Rohrbeck*, 139 id. 532.

But it is wholly unnecessary to pursue this branch of the case further. It must be presumed that if appellant was in a position (upon meritorious grounds other than the alleged former adjudication) to establish title by virtue of his tax deeds, or to sustain his assignment of error that the court below erred in adjudging them void, some effort would have been made in this court to do so.

The decree must be affirmed.     *Decree affirmed.*