Montgomery Ward and Company, Incorporated, Plaintiff-Appellee, v. United Retail, Wholesale and Department Store Employees of America, CIO et al., Defendants-Appellants.

Gen. No. 45,456.

Tuohy, J., dissenting.

Opinion filed November 14, 1952. Released for publication November 25, 1952.

HEISLER & KATZ, of Chicago, for appellants; FRANCIS HEISLER, and URBAN A. LAVERY, both of Chicago, of counsel.

JOHN A. BARR, DAVID L. DICKSON, and ALBERT B. PERLIN, JR., all of Chicago, for appellee.

MR. PRESIDING JUSTICE ROBSON delivered the opinion of the court.

This is an appeal from an order of the superior court of Cook county sustaining plaintiff's, Montgomery Ward & Co., Inc., (hereinafter referred to as

"Wards") motion to strike and dismiss defendants', United Retail, Wholesale & Department Store Employees of America, CIO, an unincorporated association et al. (hereinafter referred to as "Union") petition for the assessment of claimed damages under sec. 12 of the Injunction Act, which are alleged to have arisen out of a temporary injunction issued by the court in 1945. The injunction was the result of a complaint in chancery filed by Wards in 1943 alleging that the Union, in conspiracy with others, had embarked upon a course of vilification against Wards, for the purpose of injuring its business and reputation. The complaint prayed that a temporary and permanent injunction be issued and asked for damages in the amount of $1,000,000.

In November of 1943 the Union filed a motion to strike Wards' complaint and dismiss the suit for want of equity. In December of the same year, Wards presented a motion for a preliminary injunction. After argument, the court on June 25, 1945, entered an order denying the Union's motion to strike the complaint and dismiss the suit, and allowed Wards' motion for a preliminary injunction, to be effective upon the court's approval of an injunction bond, which was to remain in effect until the further order of the court. On June 27, 1945, Wards filed an injunction bond in the amount of $1,000, which was approved by the court. The injunction, which then became effective, prohibited the defendants from conspiring together or acting in concert to publish untrue statements for the purpose of causing Wards' employees and customers to fear, dislike or distrust Wards, its officers or supervisory employees. On July 6, 1945, the Union filed a motion to vacate and set aside the order of June 25. It was argued, and the court on the same day denied the Union's motion. The Union refused to plead further and elected to stand on their motion to strike the com-

plaint and dismiss the suit. The court on July 6 entered an order which reads in part as follows:

"* * * the above-named defendants having elected to stand on their Motion to Strike the Complaint and Dismiss the Suit, therefore, Order of June 25, 1945 is made a final order."

The Union appealed from the order of June 25, 1945, and the final order of July 6, 1945, and this court on Nov. 20, 1946 (330 Ill. App. 49) reversed the decrees of June 25, 1945 and July 6, 1945, and remanded the case with directions to dismiss the complaint for want of equity. Wards then appealed to the Supreme Court, which, on March 18, 1948, affirmed this court, 400 Ill. 38.

On June 1, 1948, the Union filed in the trial court a suggestion of damages under section 12 of the Injunction Act claiming damages of $457,750 by reason of the alleged wrongful issuance of the temporary injunction on June 25, 1945. On June 4, 1948, Wards filed a motion to strike and dismiss the Union's suggestion of damages. On June 7, 1948, the Union filed a motion to dissolve the temporary injunction. Both motions were fully argued before the court. On June 22, 1948, the court entered an order dismissing the Union's suggestion of damages and denying the Union's motion to dissolve the temporary injunction on the grounds as stated by the court orally that the temporary injunction entered as a part of the order of June 25, 1945, merged in the final order of July 6, 1945, and as such became functus officio. On April 25, 1950, the Union filed a second petition for damages. The damages itemized were similar to those alleged in the first petition filed in June of 1948, except for the amount which was increased to $730,000. It also contained additional allegations pertaining to the filing and existence of a $1,000 injunction bond. On May 15, 1950,

Wards filed a motion to strike and dismiss the Union's second petition for damages alleging as one of the grounds that the order of June 22, 1948, was a final order which had previously adjudicated all of the matters presented in the second petition. The matter was heard by the court and on November 24, 1950, it entered an order dismissing the Union's petition. The Union appealed from this order.

The first question we must decide is whether or not the order entered on June 22, 1948, was a final order and *res judicata* of the issues raised in the Union's petition of April 25, 1950. The parties to the first petition, pursuant to which the order of June 22, 1948, was entered, were the same as those to the second petition. Both alleged the issuance of the same temporary injunction. Both claimed the same injury. Both sought recovery of the same damages. The only difference is the increase in damages and the inclusion of allegations pertaining to the injunction bond. Do these two items change the nature of the petition? Certainly the increase in the amount of damages does not and the Union makes no contention that it does.

■■ As to the bond, under the Illinois law there are two ways by which a person injured by the wrongful issuance of a temporary injunction may seek damages: (1) by the filing of a petition in the equity court which issued the injunction, pursuant to sec. 12 of the Injunction Act (Smith-Hurd Ann. St., ch. 69, sec. 12) and (2) by an action at law on the injunction bond. These procedures are separate and distinct. The action on the bond is strictly a legal action to enforce a legal right. *Lovejoy v. Stelle,* 18 Ill. App. 281, 283; *Warner v. Wende,* 228 Ill. App. 153, 160. Under section 12 the proceeding is in equity to assess damages for the wrongful suing out of an injunction irrespective of whether an injunction bond has been given or not.

*Kohlsaat v. Crate*, 144 Ill. 14. The Union cannot claim any right under the bond pursuant to the provisions of section 12. This is a legal right and must be treated as such. Allegations pertaining to the bond were not properly a part of the Union's second petition to assess damages. We must conclude that these two differences were not material to the Union's cause of action and did not vary or change the issues from those raised in the first petition.

■ The Union's first petition for damages alleged the wrongful issuance of the temporary injunction; that the injunction had been set aside and vacated, and that the Union had been damaged. Wards' motion to strike was addressed to the merits of the petition, the grounds being: (1) the temporary injunction had not been dissolved but had merged in the final order and was functus officio; (2) the alleged damages did not arise by reason of the temporary injunction; (3) the alleged damages could not be equitably assessed against Wards, and (4) the suggestion was not timely. The motion had the same legal effect as a demurrer at common law, and the order of June 22, 1948, striking the Union's first petition decided the merits of the case as though all the facts alleged in the petition had been proved at a hearing. *People ex rel. Chilcoat v. Harrison,* 253 Ill. 625; *Doner v. Phoenix Joint Stock Land Bank of Kansas City,* 381 Ill. 106.

The language of the order is clear and unambiguous. It reads as follows:

"This cause coming on to be heard on the motion of the plaintiff to strike and dismiss defendants' suggestion of damages, and the Court having considered the pleadings and the record in this case and the previous opinions of the Appellate Court and the Supreme Court in this case, and having heard the arguments of counsel and being fully advised;

"IT IS HEREBY ORDERED that the motion of the plaintiff to strike and dismiss defendants' suggestion of damages be and the same is hereby granted; and

"IT IS FURTHER ORDERED that the defendants' suggestion of damages be and the same is hereby dismissed; and

"IT IS FURTHER ORDERED that the motion of the defendants to dissolve the temporary injunction be and the same is hereby denied."

■ ■ The result of this order was a dismissal of the Union's claim for damages and a finding by the trial court, not that there was a temporary injunction to dissolve, but that the temporary injunction which had become functus officio by the issuance of the final order of July 6, 1945, received no new life from the decision of this court which was affirmed by the Supreme Court. *Gage v. Parker,* 178 Ill. 455; *Leslie E. Keeley Company v. Hargreaves,* 236 Ill. 316; *Nestor Johnson Mfg. Co. v. Goldblatt,* 371 Ill. 570. This may have been right or wrong. It was nevertheless a final order and appealable and as to the Union a bar to any subsequent action involving the same issues. 30 Am. Jur., p. 914; *McDowell v. Cochran,* 11 Ill. 31; *Doner v. Phoenix Joint Stock Land Bank of Kansas City, supra.*

■ The Union cites *Shaw v. Dorris,* 290 Ill. 196, *Campbell v. Powers,* 139 Ill. 128, and *Fort Dearborn Lodge v. Klein,* 115 Ill. 177, as cases in support of their contention that the order entered by the court in June of 1948 was interlocutory and not a final disposition of the petition. In each instance the cases had to do with motions concerning the sufficiency of the pleadings in which no order of dismissal was entered and they rightly hold that at any time before final judgment the whole record is before the court and an erroneous ruling theretofore made may be set aside and the error corrected. Here the merits of the action had been con-

cluded by the order of June 22, 1948, and the Union having failed to appeal, is bound by its findings.

The order of the trial court is affirmed.

*Order affirmed.*

Mr. Justice Schwartz specially concurring:

A dissenting opinion has been filed in this case on the theory that as the trial court refused, on remandment after appeal, to dissolve the temporary injunction, the order denying the petition for damages was not final. This depends upon the status of the temporary injunction order at the time.

An order which is interlocutory is not appealable. However, in the case of temporary injunctions, the statute has provided a method of appeal, and this is the only way in which such an order can be reviewed. Defendant did not appeal from the interlocutory order. It stood upon its motion to strike the complaint, and when the court overruled that motion, did not ask to answer or to take any other proceeding. Thereupon, the trial court entered a final order granting a permanent injunction. The Supreme Court of this State so understood the order when in its decision in this case, 400 Ill. 38, it said:

"The defendants elected to stand by this motion, [that is, this motion to dismiss the complaint] and the court issued a permanent injunction * * * ."

Upon the entry of this order, the temporary injunction ceased to exist, because certainly a temporary and permanent injunction cannot exist at the same time.

The opinions of both the Appellate and Supreme Courts clearly indicate that they were considering an appeal from the final order and not from the temporary order. There is, however, the following language in the concluding part of the Appellate Court decision:

205

"For the reasons stated, the decrees of the Superior Court of Cook County of June 25, 1945 and July 6, 1945 are reversed and the cause is remanded with directions to dismiss the complaint for want of equity."

What the court must have meant by this language is that by its reversal of the final order, the basis of the temporary injunction likewise fell. It could not act upon the temporary order, because no appeal was taken from that order, none of the requirements of the particular statute relating to appeals from orders granting temporary injunctions having been complied with. We have examined the docket and find no order consolidating two appeals in this court. The statute which provides for appeals from orders granting temporary injunctions limits such appeals to review in the Appellate Court only, but in this case the appeal was prosecuted to the Supreme Court. The final direction in the Appellate Court opinion was "to dismiss the complaint for want of equity," and did not direct any action with respect to dissolution of the temporary injunction. All this shows that the Appellate Court on the prior appeal did not and could not have acted on the order granting a temporary injunction.

In his dissenting opinion, our colleague holds that since the temporary injunction was not set aside by the trial court, therefore the order dismissing the first petition for the assessment of damages for the wrongful issuance of that order could not be considered final. If that be true, then the order which is now in review is likewise not a final order. The order on the first petition for damages has in all respects the same finality as the order which is now before us.

Defendant is not deprived by this procedure from prosecuting its claim for damages. It has its suit on the bond. It may see certain advantages to the procedure in equity which may not exist in a suit on a

206

bond. That we cannot say. The question, for example, arises as to whether or not one of the disadvantages is that the bond is in the penalty of $1,000. It can well be questioned whether this limitation would apply to the principal in the bond, but we cannot pass on that now.

Defendant has devoted a considerable portion of his brief to urging upon us that this was an injunction issued in a labor dispute and that it was unjustly issued. Both the Appellate and Supreme Courts have already so decided in favor of defendant. That question is settled. Moreover, what this court thinks of the care and caution which should guide a court in the issuance of temporary injunctions has been stated often, and only recently in the cases of *Skarpinski v. Veterans of Foreign Wars of United States,* 343 Ill. App. 271; *Republican Central Committee v. Cook County Regular Republican Organization,* No. 45867 [348 Ill. App. 189], decided October 17, 1952; and *Chicago Motor Coach Co. v. Budd,* 346 Ill. App. 385.

While both the legislature and the courts have recognized that the jurisdiction of the court to issue injunctions in a labor dispute should be circumscribed within definite limitations, what is now before us is a question of procedure which must be applied to all litigants alike. The question here is whether defendant, after having previously presented a petition for the assessment of damages to the trial court and obtained a final decision, can again present a substantially identical petition. Some place, some time, there must be an end to litigation, and we cannot see how a proceeding such as this could ever be terminated if the parties were permitted to refile their petitions after an adverse decision. Any error in denying the first petition should have been tested on appeal from that order, as the opinion of the PRESIDING JUSTICE holds.

MR. JUSTICE TUOHY dissenting:

The majority opinion finds that the order of June 22, 1948, dismissing defendants' suggestion of damages, is a final judgment, conclusive as to the rights of the parties, from which no appeal was taken within the statutory time and which is therefore *res judicata* of all matters raised in the later petition filed April 25, 1950. Assuming that the matters contained in the later are substantially the same as those raised in the prior petition, I am unable to agree that the order of June 22, 1948 is a bar to a subsequent petition raising the same issues.

This case came before this court originally upon a question as to the validity of two orders of the superior court of Cook county, one of June 25, 1945, granting the temporary injunction, and the second of July 6, 1945, purporting to make the former "a final order." We reversed *both* orders and remanded the cause with directions to dismiss the complaint for want of equity. *Montgomery Ward & Co. v. United, etc., Employees,* 330 Ill. App. 49. The effect of the reversal of the order granting the temporary injunction was to require the trial court to dismiss it upon motion. A further appeal to the Supreme Court was allowed, and in *Montgomery Ward & Co. v. United, etc., Employees,* 400 Ill. 38, the judgment of this court was affirmed. On June 7, 1948, defendants made a motion in the trial court to dissolve the temporary injunction. They also filed a petition, in accordance with section 12 of the Injunction Act (Ill. Rev. Stat., chap. 69, par. 12 [Jones Ill. Stats. Ann. 109.360]), asking dissolution of the temporary injunction, claiming damages allegedly sustained by reason of the wrongful issuance of the injunction and asking that the matter be set for hearing. The trial court should then have dissolved the temporary injunction, heard defendants' petition for damages, and dismissed

the bill for want of equity—all in accordance with our mandate. It refused to dissolve the temporary injunction, and on June 22, 1948, entered a brief peremptory order that "the defendants' suggestion of damages be and the same is hereby dismissed and * * * motion of defendants to dissolve the temporary injunction be and the same is hereby denied."

This was the state of the record on April 25, 1950, when the second application for assessment of damages was filed. The temporary injunction had not then been dissolved, there had been no hearing on the suggestion of damages, nor had the bill been dismissed. The record is not clear as to the reasons why the mandate was not complied with, but it was argued here, and the trial court was apparently of the opinion, that the order granting the temporary injunction had been merged in the "final" order of July 6th and that it was therefore unnecessary to dissolve the temporary injunction. This contention cannot be sustained. The trial court had no discretion in the matter. Our opinion recites that both orders were appealed from, and both orders were specifically reversed. The dissolution of the temporary injunction was a sine qua non to a hearing upon a suggestion of damages under section 12 of the Injunction Act. The refusal of the trial court to dismiss the temporary injunction resulted in depriving defendants of a hearing under the Act. There having been no dissolution of the injunction and no hearing on the question of damages, the order of June 22nd is not *res judicata* of any of the issues here involved. Indeed, plaintiff urges as one of the principal grounds why no recovery of damages may be had under section 12 is the fact that the temporary injunction has never been dissolved. Plaintiff should not be heard to argue that because the temporary injunction has never been dissolved proceedings to fix damages are untimely, and in

209

the same breath insist that the question of damages has already been adjudicated. It is my conclusion that the cause is still pending and undetermined below. The cause, therefore, should be remanded with directions to the trial court to dissolve the temporary injunction, to proceed with the hearing as to the suggestion of damages, and to dismiss the bill for want of equity.