(No. 33781.—

UNITED MAIL, ORDER, WAREHOUSE & RETAIL EMPLOYEES UNION, LOCAL 20, *et al.,* Appellants, *vs.* MONTGOMERY WARD & Co., Appellee.

*Opinion filed May 23, 1956—Rehearing denied September 24, 1956.*

URBAN A. LAVERY, FRANCIS HEISLER, and PEARL BAER, all of Chicago, for appellants.

CHARLES J. BARNHILL, DAVID L. DICKSON, and JOHN F. McCLURE, all of Chicago, for appellee.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

The plaintiffs-appellants, hereinafter referred to as the Union, filed a first class suit in contract in the municipal court of Chicago against the defendant-appellee, hereinafter referred to as Wards, on a $1000 injunction bond theretofore filed by Wards in the superior court of Cook County, to recover alleged damages suffered by the Union. The Union recovered judgment against Wards in the trial court in the sum of $327,000. Wards appealed such decision to the Appellate Court for the First District, which court reversed the judgment of the trial court, and this court thereafter granted leave to appeal, on petition duly filed, after overruling Ward's motion to dismiss such petition for leave to appeal for want of jurisdiction in this court.

On November 9, 1943, Wards filed in the superior court of Cook County its complaint in equity against the Union, praying for a temporary and permanent injunction against continued publication of libelous statements and asking for

monetary damages in the amount of $1,000,000 for past libels. The Union in such suit filed a motion to strike Ward's complaint and dismiss the suit, and Wards moved for a preliminary injunction. On June 25, 1945, the superior court of Cook County entered an order denying the Union's motion to dismiss the action, and on the same date granted Ward's motion for a preliminary injunction to be effective upon the court's approval of an injunction bond, and to remain in effect until further order of court.

On June 26, 1945, the injunction bond sued upon in the instant proceeding in the amount of $1000 was filed and approved and, insofar as pertinent to the decision of this case, provided as follows:

"Know all Men by These Presents,

"That we, Montgomery Ward & Co., Incorporated, as principal, and Seaboard Surety Company, as surety, of the County of Cook and State of Illinois, are held and firmly bound unto [the defendants in the injunction suit], in the sum of One Thousand and no/100ths Dollars ($1,000.00) to be paid to the said Defendants, executors, administrators or assigns, for which payment well and truly to be made, we bind ourselves, jointly and severally, and our respective heirs, executors and administrators, firmly by these presents.

"Sealed with our Seals, and dated this 26th day of June, A.D. 1945.

"Whereas, the above bounden Montgomery Ward & Co., Incorporated has filed its bill of complaint in the Superior Court of Cook County and State of Illinois against the above named defendants praying, among other things, for an injunction to restrain the above named defendants from * * * [Here are set forth the terms of the temporary injunction.]

"And whereas said Court has allowed an injunction for that purpose according to the prayer of said bill, upon the said Montgomery Ward & Co., Incorporated giving bond and security as provided by law:

"Now, therefore, the condition of the above obligation is such that if the above bounden Montgomery Ward & Co., Incorporated, and Seabord Surety Company, their executors or administrators, or any of them, shall and do well and truly pay, or cause to be paid to the said Defendants, their executors, administrators, or assigns, all damages which may be sustained by the said defendants, or any one or more of them by reason of the wrongful issuing

of such injunction, and also, all such costs and damages as shall be awarded against the said complainant, Montgomery Ward & Co., Incorporated, in case the said injunction shall be dissolved; then, the above obligation to be void; otherwise to be and remain in full force and virtue."

On July 6, 1945, the Union filed a motion to vacate and set aside the order of June 25, 1945, denying their motion to dismiss the action and granting Ward's motion for preliminary injunction. This Union motion was denied, and, upon the Union refusing to plead further and announcing that they would stand on their motion to strike the complaint and dismiss the action, the superior court of Cook County on July 6, 1945, entered a final order as follows:

"FINAL ORDER

"It is hereby ORDERED AND DECREED that the Motion of the above-named defendants to vacate and set aside the Order entered on June 25, 1945 be and the same is hereby denied. And it is further

"ORDERED AND DECREED that the above-named defendants having elected to stand on their Motion to Strike the complaint and to dismiss the suit, therefore Order of June 25, 1945 is made a final order."

The Union appealed from such final order of the superior court of Cook County and the Appellate Court, in an opinion reported in 330 Ill. App. 49, reversed the trial court with directions to dismiss the complaint for want of equity. Thereafter Wards appealed to this court, which affirmed the Appellate Court on March 18, 1948, in an opinion reported in 400 Ill. 38.

On June 1, 1948, the Union filed in the superior court of Cook County a suggestion of damages under section 12 of the Injunction Act, (Ill. Rev. Stat. 1947, chap. 69, par. 12,) claiming damages of $453,750 allegedly incurred by reason of the temporary injunction and Wards' claim for damages. Thereafter Wards filed its motion to strike the suggestion of damages on the grounds, among others, that the temporary injunction had not been dissolved but had merged in the final order and had become *functus officio*, and that the alleged damages did not arise by reason

of the temporary injunction. Thereafter the Union filed a motion to dissolve the temporary injunction, and on June 22, 1948, the superior court granted Wards' motion to strike and dismiss the suggestion of damages, ordered such suggestion of damages dismissed, and denied the Union's motion to dissolve the temporary injunction. No appeal was taken from this order.

On April 25, 1950, the Union filed in the superior court of Cook County its second petition for suggestion of damages under section 12 of the Injunction Act which they claim to have suffered by reason of the alleged wrongful issuance of the temporary injunction, the amount of the claimed damages being increased to $730,000. Wards filed its motion to strike and dismiss the Union's second petition for damages upon the same grounds as its motion to dismiss the initial petition and on the additional ground that the prior order dismissing the Union's suggestion of damages was a final order which had previously adjudicated all of the matters presented in the second petition. Ward's motion to strike and dismiss the Union's second petition was granted and such petition dismissed. On appeal by the Union to the Appellate Court the trial court's order of dismissal of said second petition was affirmed in an opinion reported in 348 Ill. App. 198, and this court denied the Union's petition for leave to appeal from such Appellate Court decision on March 11, 1953. 414 Ill. 629, 351 Ill. App. XIV.

On March 21, 1953, the Union filed the present contract action for damages on the $1000 injunction bond heretofore set forth, as a first class action in the municipal court of Chicago. In this action they claimed the same damages as those alleged in the petitions filed in the superior court in 1948 and 1950, and, in addition, $70,000 to cover attorney's fees and court costs. Wards' motion to strike and dismiss the statement of claim was denied. Upon Wards answering, the trial of the cause was had

before the court without a jury and resulted in judgment for the Union and against Wards in the sum of $327,000, together with costs of the Union, such judgment including $77,000 attorneys' fees. Upon appeal to the Appellate Court for the First District by Wards the trial court judgment was reversed and the cause remanded in an opinion reported in 6 Ill. App.2d 477. Thereafter, on motion of the Union, the Appellate Court on June 27, 1955, amended its judgment by striking therefrom the remandment order, making its judgment final in compliance with section 75 of the Civil Practice Act (Ill. Rev. Stat. 1955, chap. 110, par. 75,) and thereafter leave to appeal was granted the Union by this court.

The Union assigns four propositions as error for reversal of the Appellate Court decision, as follows:

1. The stated penalty in an injunction bond does not limit the amount of damages recoverable in an action on the bond against the principal therein.

2. The temporary injunction of June 25, 1945, did not become *functus officio* by reason of the final order of July 6, 1945, in the original suit and such final order did not turn the temporary injunction into a permanent injunction.

3. The Union is not barred from suing Wards on Wards' injunction bond as an unincorporated association.

4. The trial court entered a separate and distinct judgment for attorneys' fees in this case and the Appellate Court erred in ignoring the question of attorneys' fees.

Wards in their brief assign as cross error, and as reasons the Appellate Court decision should be affirmed, the following:

1. Both the trial and Appellate courts erred in finding that the condition of the bond sued on had been breached.

2. The trial court erred in finding that the Union could recover damages for having been enjoined from performing acts which would have been tortious if committed.

3. The trial court's order denying Wards' motion for

judgment at the close of all the evidence is contrary to the evidence and

4. The trial court erred in excluding certain of Wards' exhibits.

Although Wards again argues in its brief its motion to dismiss the Union's petition for leave to appeal for want of jurisdiction in this court, the same has heretofore been fully considered by this court, passed upon adversely to Wards, and will not be again considered.

The principal contention considered in the briefs and in the Appellate Court opinion is whether or not the Union can recover damages in excess of $1000, the penal sum named in the bond, from Wards in an action on the bond. The substance of the Union's contention in this respect is that the conditions stated in the bond, on the occurrence of which the principal obligation of the bond would be void, constitute covenants between the principal obligee and the obligors, and that the principal obligee has an option to bring either an action of debt for the amount of the penalty named in the bond or an action of covenant for the damages which the obligor has contracted to pay regardless of the stated penalty of the bond.

The case relied upon by the Union as establishing such a proposition as Illinois law is *Kohlsaat* v. *Crate,* 144 Ill. 14. In the *Kohlsaat case* a temporary injunction had been granted on the filing of an injunction bond in the penal sum of $500. Thereafter the temporary injunction was dissolved on motion and the defendant was given leave to file suggestions of damages. Such suggestions were filed and a hearing had thereon in which it was found that damages totalling $2227 had been incurred. The trial court held that the liability of the plaintiff to the defendant on account of damages sustained by reason of wrongfully suing out the injunction was limited to the amount of the penalty of $500 stated in the injunction bond. The Appellate Court reversed and remanded the trial court's

decree, with directions to enter a decree awarding the defendant his total damages, which was affirmed on appeal to this court.

This court in its opinion in the *Kohlsaat case* observed that the action was brought for assessment of damages under section 12 of the Injunction Act, which was then in effect and at the present time is in effect, being Ill. Rev. Stat. 1955, chap. 69, par. 12, and provides as follows:

"In all cases where an injunction is dissolved by any court of chancery in this state, the court, after dissolving such injunction, and before finally disposing of the suit, upon the party claiming damages by reason of such injunction suggesting, in writing, the nature and amount thereof, shall hear evidence and assess such damages as the nature of the case may require, and to equity appertain, to the party damnified by such injunction, and may award execution to collect the same: Provided, a failure so to assess damages shall not operate as a bar to an action upon the injunction bond."

Although the *Kohlsatt case* announces and establishes the correct principle of Illinois law as to recovery of damages for the wrongful issuance of a temporary injunction under section 12 of the Illinois Injunction Act, it must be remembered that the present proceeding is an action in contract by the Union on the penal bond itself against Wards and is not a proceeding under section 12 of the Illinois Injunction Act. In the *Kohlsaat case* we gave no consideration to the question and the case cannot be considered as authority as to what limitations, if any, there are to the amount of recovery in an action on a penal bond.

As heretofore noted, this is a contract action and there is an elementary principle of contract law, for which no authority needs to be cited, that Wards' liability on such contract is limited to its doing what the contract obligates it to do.

In considering the question here presented and the au-

thorities in reference thereto it must be kept in mind that in general there are two types of bond obligations. First, there is a common defeasance bond in which the obligor agrees to pay a stipulated amount called a penalty, subject to a condition of defeasance that voids the covenant to pay the specified amount if the condition occurs. The only covenant or promise to pay by the obligor in such bonds is to pay the penalty if the condition is not fulfilled. Such common defeasance bonds are sometimes otherwise known as penal bonds, being "a bond conditioned upon the forfeiture of a penalty for its breach." (Ballantine Law Dictionary (1930) page 948; Black's Law Dictionary, 4th ed. (1951) page 1290.) Typical of this type of bond is the one here sued upon.

Another type of bond is that which contains within the contract, first, an express covenant or promise by the obligor to do or refrain from doing a particular act, the performance of which express covenant or promise is further secured in the same instrument by a second agreement to pay a penalty if the first covenant is not performed. At common law the obligee under the second type of bond had the option of suing either for the damages which resulted from the breach of the principal covenant or promise to do or refrain from doing a particular act, or to sue for the penalty provided by the secondary agreement as security for the performance of the primary obligation.

The *Kohlsaat case* above referred to is typical of a third type of case which involves claims based upon some obligation or duty imposed otherwise than by the undertaking in the bond and entirely collateral to the terms of the bond and the undertakings therein assumed.

In *Freeman* v. *People,* 54 Ill. 153, an action of debt was brought upon a bastardy bond in the penal sum of $500 and judgment was entered in favor of the plaintiff for $517.50. In reversing the trial court we noted that in actions upon penal bonds the practice has been long and

well settled that if the plaintiff recover it must be for the amount of the penalty as debt and such sum as may be found as damages and held that the obligors can in no event be held liable on the bond for more than the penalty, that being the extent of their undertaking, and that the obligee cannot recover damages beyond that sum, whatever be the amount of damages sustained.

In *Kerz* v. *Wolf,* 131 Ill. App. 387, in an action of debt on an injunction bond in the penal amount of $500 for the full amount of the penalty the trial court instructed the jury to find and assess the plaintiff's damages at such sum not exceeding $500. Damages in excess of the face amount of the bond had been proved but the Appellate Court approved the instruction limiting the recovery to the face of the bond, noting that the verdict given of $500 was the limit of a possible recovery in an action on the bond.

The overwhelming weight of authority in other jurisdictions is likewise to the effect that nothing beyond the sum designated in the bond as a penalty may be recovered even against the principal in an action on the bond. *Cimiotti Unhairing Co.* v. *American Fur. Ref. Co.* 168 Fed. 529; *United Motors Service* v. *Tropic-Aire,* 57 Fed.2d 479; *International Ladies Garment Workers Union* v. *Donnelly Garment Co.* 147 Fed.2d 246; *Asevado* v. *Orr,* 100 Cal. 293, 34 Pac. 777; *Strong* v. *Duff,* 228 Ky. 615, 15 S.W.2d 517; *Graff* v. *Epstein,* 238 Mich. 227, 213 N.W. 190; 28 Am. Jur., "Injunctions," sec. 342 *et seq.,* page 516 *et seq.*

In each of the Illinois cases referred to by the Union in which suit was on a defeasance bond recovery has been limited to or within the penalty of the bond.

All of the cases cited by the Union allowing recovery in excess of the amount of penalty stated in a bond were cases involving contracts containing an express covenant by the obligors to do or refrain from doing a particular act,

the performance of which covenant or promise is secured by an agreement or bond to pay a specific amount in the event the first promise is not performed. In such cases the plaintiff is allowed to recover more than the amount of the penalty by suing on the promise to perform rather than on the promise to pay the penalty.

No such promise exists in the present case. The bond sued on in the present case contains only one promise by Wards and that is the payment of $1000 upon the breach of a given condition. The Appellate Court correctly held that Wards' liability in the contract action by the Union on the injunction bond was limited by the extent of its promise and could not in any case exceed $1000.

The question remains as to what damages, if any, the Union is entitled to for issuance of the temporary injunction, within the limits of the penalty of the bond, inasmuch as section 12 of the Injunction Act specifically provides that a failure to assess damages thereunder does not operate as a bar to an action upon the bond.

The decision of this court in the case of *Town of Ottawa* v. *Walker,* 21 Ill. 605, does not resolve this question. In that case a decree was entered making a temporary injunction perpetual after a motion to dissolve the injunction was overruled, but in such case the plaintiffs took no rule on the defendants for an answer, the defendants were not put in default, the bill was not taken as confessed, and no answer or demurrer was filed. We there held that the mere motion of defendant to dissolve the temporary injunction did not authorize the court on overruling the motion to make the injunction perpetual but that the defendant still had the right to be heard on the merits and the court could render a decree making the injunction perpetual only on a bill *pro confesso,* on overruling a demurrer to the bill, or upon a hearing on the merits.

In the instant case the final order making the tem-

porary injunction perpetual was entered not only after the motion of the Union to dissolve was overruled but after the Union had elected to stand on its motion to dismiss the complaint for want of equity, which was equivalent to a demurrer at common law, and refused to plead further. Therefore the trial court, from a procedural point of view, properly entered its final order making the temporary injunction permanent, even though upon appeal through the Appellate Court to this court it was finally determined that the trial court was in error as to the right of Wards to a permanent injunction.

The question of assessment of damages under section 12 of the Injunction Act was thoroughly considered and reviewed by this court in its recent decision in *Schien* v. *City of Virden*, 5 Ill.2d 494, and what was there said is controlling in this case. In that case the trial court after a hearing on the merits found the equities in favor of the defendants, dissolved a temporary injunction which had been issued, dismissed the complaint for want of equity and awarded the defendants' attorneys' fees as damages under section 12 of the Injunction Act. The plaintiff upon appeal among other things contended that the temporary injunction was never dissolved and therefore no damages were assessable. We there held that, the trial court having denied the defendants' motion to dissolve the temporary injunction, that order, not having been appealed from, therefore became a final judgment and the temporary injunction was properly issued. Not having been wrongfully issued and not having been dissolved prior to the hearing on the merits of the case, damages therefor were not assessable under section 12 of the Injunction Act.

When the Union elected to stand on its motion to strike the original complaint and to dismiss the suit for want of equity rather than appeal from the interlocutory order denying their motion to vacate and set aside the temporary injunction, the decision of the trial court was given

on the merits of the controversy and on the question whether a permanent injunction should issue under the facts alleged in the complaint and admitted by the Union's motion to dismiss. Upon the entry of such final order the temporary injunction previously issued was not dissolved but merged in the permanent injunction.

Since the temporary injunction in this case was not dissolved before a determination on the merits, and since it merged with the permanent injunction issued by the trial court, damages were not assessable under section 12 of the Injunction Act and, in fact, were denied. *Montgomery Ward & Co.* v. *Department Store Employees,* 348 Ill. App. 198.

In order to recover on the bond here in issue the Union was required to establish the breach of conditions of the bond, that is, the Union had to show that the temporary injunction had been wrongfully issued and that it was dissolved. Since the record affirmatively shows that the temporary injunction was not dissolved prior to the entry of final order on the merits of the case but was merged therein, the Union failed to establish any breach of condition of the bond or any right to recover thereon.

Accordingly the judgment of the Appellate Court as amended, reversing the judgment of the municipal court, was correct.

From what has heretofore been said it is unnecessary to consider other errors or cross errors assigned in this case.

The judgment of the Appellate Court as amended is affirmed.

*Judgment affirmed.*